## STEPHEN A. WRIGHT *v.* ANN S. ROSS *et al.*

SERVICE OF NOTICE OF APPEAL.—When the record shows that a notice of appeal was served on the respondents' attorney the same day that it was filed by the Clerk, and the indorsement of the filing precedes the indorsement of admission of service, the inference is that the filing preceded the service.

SAME.—If the notice of appeal is served on respondents' attorney, and immediately afterwards filed by the Clerk, the service and filing will be regarded as one act.

AFFIDAVITS TO CONTRADICT RECORD.—When the record shows that the notice of appeal was filed and served on the same day, and the indorsements indicate that the notice was first filed and then served, it is doubtful whether affidavits can be received to show that the service preceded the filing.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Judgment was rendered in favor of the defendants by the Court below, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*S. F. & J. Reynolds*, for Appellant.

*Patterson, Wallace & Stow*, for Respondents.

By the Court, SAWYER, J.

Respondents move to dismiss the appeal, on the ground that there was no service of notice of appeal after it was filed with the Clerk.

The notice appears by the record to be indorsed, "Filed July 13, 1864;" and under this is an indorsement of admission of service, also dated, "this 13th day of July, 1864." The necessary inference would be that the filing preceded the service. But the affidavit of respondents' attorney shows that the service in the order of time actually preceded the filing, while that of appellant's attorney shows that the service was made in the Court-room, and the notice immediately taken to the Clerk, in the adjoining room, and filed; and that not to exceed five minutes was required to accomplish both the service and filing. This must be regarded as one act. The record indicates the proper order of proceedings, and it is at least doubtful whether affidavits could be received to show a different order. But this must be regarded as one continuous transaction. The whole was done at one time; and in *Hastings* v. *Halleck*, 10 Cal. 31, and *Warner* v. *Holman*, 24 Cal. 248, it was held that, "the service should be made after, or at the time of the filing of the notice." The notice is sufficient.

Motion denied.