## CULBERTSON v. AINSWORTH.

(No. 952; Decided June 16th, 1919; 181 Pac. 418.)

Appeal and Error—Direct Appeal—Service and Filing of Notice and Appeal—Time for Service—Notice—Service After Judgment—Waiver.

1. The fact of service of notice of appeal and the filing thereof within ten days from entry of judgment must appear from the record to confer appellate jurisdiction under Laws, 1917, Chapter 32, Section 2; service of notice prior to entry of judgment is insufficient.

2. A notice of appeal dated prior to, but filed after entry and filing of judgment without date of service endorsed thereon is insufficient under the Statute, and affidavits showing service prior to entry of judgment will not be considered.

3. Where notice of appeal was dated prior to entry and filing of judgment and the endorsement acknowledging service appearing upon such notice was undated, no presumption arises from the record that the notice was served within 10 days after entry of judgment, as required by the Statute, though notice of appeal was filed after such entry of judgment.

4. The direct appeal statute, Laws, 1917, Chapter 32, Section 2, does not authorize a waiver of service of appeal and a waiver by stipulation of the parties of service of notice of appeal is not competent since appellate jurisdiction cannot be conferred by consent. The direct appeal statute contains no provision authorizing a waiver of service of notice of appeal, such as is provided by Comp. Stat., 1910, Sections 5111 and 5112, authorizing a waiver of the issuance or service of a summons in error.

Appeal from District Court, Washakie County, Hon. James H. Burgess, Judge.

Action by Roger Culbertson, administrator of the estate of William D. Albee, deceased, against Frank S. Ainsworth, et al. From a judgment for defendants, plaintiff appeals. Heard on motion to dismiss the appeal.

*E. E. Enterline,* for respondent in support of the motion,

The notice of appeal was served two days before the judgment was entered; this was insufficient to confer appellate jurisdiction. (Hahn v. Bank (Wyo.), 171 Pac. 889; Goodrich v. Bank, 177 Pac. 134.)

*R. B. West,* for plaintiff and appellant.

*E. E. Enterline,* for defendants and respondents.

Per Curiam.

This case is here on direct appeal and a motion has been submitted to dismiss the appeal. The only ground stated in the motion which we think necessary to consider is that the notice of appeal was given prior to the filing and entry of the judgment appealed from.

The record was filed in this court on July 27, 1918, and the motion to dismiss was filed on September 30, 1918, and submitted on October 17, 1918. It appears from the record that the cause was tried in the district court on March 22, 1918, and that at the close of the evidence on that day the court announced that the judgment would be for the defendants. That a judgment order in favor of the defendants containing also the findings was signed by the district judge who tried the cause under the date of March 23, 1918, and as done in open court on that day, and was filed and entered on March 29, 1918; that the notice of appeal, dated March 25, 1918, and stating in substance that the plaintiff appealed from the judgment rendered on March 23, 1918, and certain specified portions of the findings, was filed with the clerk of the district court on March 30, 1918; and that there was endorsed upon said notice as filed the following undated acknowledgment of service signed by the attorney for the defendants: "Copy of notice received and further service thereof waived." The record contains no other proof of service of the notice.

The statute under which the appeal is taken provides: "An appeal must be taken by serving a notice in writing to such effect, signed by the appellant, or his attorney, upon the opposing party, or his attorney, within ten days from the entry of the order or judgment appealed from, and said notice of appeal shall be filed with the Clerk of the District Court where the order or judgment appealed from is entered, within said ten days." (Ch. 32, Sec. 2, Laws 1917.) It was held in Hahn v. Citizens' State Bank, 25 Wyo. 467,

171 Pac. 889, 172 Pac. 705, that a notice of appeal served and filed before the judgment appealed from was entered was premature and ineffective to bring the case here for review under the statute aforesaid.

The filing of the notice in this case was not premature, for it was filed after the judgment was entered—the day following such entry. But the service of the notice within the time prescribed therefor after the entry of the judgment or order appealed from is also essential to give this court jurisdiction, if, indeed, service of the notice is not the principal act required to be done within the prescribed time in taking the appeal. The language of the statute is that an appeal must be taken by serving a notice in writing to such effect, etc., and, that "said notice" shall be filed within said ten days. Clearly, therefore, the notice must be served within ten days from the entry of the judgment, and the fact of such service within that time must be shown by the record to give this court jurisdiction. (4 C. J., p. 39, sec. 1612, p. 41, sec. 1616; 2 Standard Ency. Proc., pp. 318, 346; 2 Ency. Pl. & Pr. 230.) This necessarily requires the filing of proof of service with the clerk of the district court and the incorporation thereof in the record, although an acceptance or acknowledgment of service properly signed written or endorsed upon the notice as filed and showing the date of service will be sufficient as proof of such service.

But unfortunately the written acknowledgment of the service of the notice in this case is not dated, and there is nothing in the record to show when the service thus acknowledged was accepted or made. The respondents, by affidavits attached to the motion to dismiss, show that the original notice was received by their attorney on March 26, 1918, and that service thereof was accepted by the endorsement aforesaid thereon on March 27, 1918. But we doubt our right to consider such affidavits filed in this court. In Hahn v. Bank, *supra,* we said with reference to affidavits filed here to show the fact of the entry of the judgment or order appealed from and the date of such entry, that this court, in its consideration of the case, is confined to the record on

appeal, and that we did not think it competent to show merely by affidavits filed in this court the fact that the judgment or order appealed from was or was not entered or when the entry thereof was made, thereby contradicting or supplying a deficiency in the record in that respect, but that affidavits might, no doubt, be proper in support of a motion to return the record for correction, or to afford an opportunity for its correction or amendment in the district court. (And see Wright v. Ross, 26 Cal. 262; Bonds v. Hickman, 29 Cal. 460.)

Upon the record, therefore, it does not appear that the notice was served after and not before the entry of the judgment, unless it may be presumed from the facts appearing by the record that it was so served, or unless it is competent to waive service of the notice by stipulation. And we do not think the presumption legally or properly follows from the facts in the record that the notice was served within the time prescribed by the statute, though no doubt it might be presumed that it was served prior to the time the notice was filed and either before or on the date of such filing, from the fact that as filed the notice bears the endorsement acknowledging service as aforesaid. But that filing occurred on the next day after the entry of the judgment, and the notice is dated on March 25, 1918, four days before the judgment was entered, making it possible for the notice to have been served prior to such entry. Nor do we think it competenet to waive the service of notice of appeal, for jurisdiction of the cause on appeal cannot be conferred on this court by consent. (In re. Gold Street v. Newton, 2 Dak. 39, 3 N. W. 311, 8 N. W. 139; Oliver v. Harvey, 5 Ore. 360; Wolf v. Smith, 6 Ore. 73; Wright v. Ross, 26 Cal. 262; Bonds v. Hickman, 29 Cal. 460.) The statute of California provided that an appeal shall be taken by filing with the clerk a notice of appeal, and serving a copy thereof upon the adverse party or his attorney. The court said that the filing of the notice of the appeal is indispensable to enable the appellate court to obtain jurisdiction of the cause, and that a waiver of the filing by the stipulation of the

parties is not the equivalent of filing the notice, "for consent, though it may waive error, cannot confer jurisdiction." (Bonds v. Hickman, *supra*.)  The Oregon statute provided that the appellant shall cause a notice to be served on the adverse party, and file the original with proof of service indorsed thereon with the clerk, and that an appeal shall be taken and perfected in the manner prescribed and not otherwise.  In Oliver v. Harvey, *supra*, it was held that the service and filing of the notice of appeal was indispensable in order to enable the appellate court to obtain jurisdiction of the cause, and that the parties could not waive the filing of the notice, since consent cannot confer jurisdiction.  We refer specifically to these cases for the reason that the statutes considered were quite similar to our own.  If it would be competent to waive service of the notice, or if such a waiver should be permitted by statute, we think the waiver of further service included in the endorsed acknowledgment of service upon the notice would amount to such a waiver. But, unlike the statutory provisions providing for bringing causes to this court by a proceeding in error which, while requiring the issuance and service of a summons in error, provide that the defendant in error, or his attorney, may waive, in writing, the issue or service of the summons ('Comp. Stat. 1910, secs. 5111, 5112), the direct appeal statute contains no provision authorizing a waiver of the service of the notice of appeal.

We are forced to conclude, therefore, that the record in this case fails to show a service of the notice within the time prescribed by the statute.  If we were to consider the affidavits attached to the motion showing the date of service, it would appear that the notice was in fact served prior to the entry of the judgment, and no counter affidavits have been filed.  But, doubting our right to consider affidavits filed only in this court showing the fact as to the date of service, we think it better to dispose of the matter upon the showing made by the record.  It follows that the motion must be sustained and the appeal dismissed, and it will be so ordered.