## FERTILE VALLEY CANAL CO. v. KEARNEY, ET AL.*
## SAME v. LEVANDER, ET AL.
### (Nos. 1460, 1461; January 31, 1928; 263 Pac. 620)

Appeal and Error—Premature Notice of Appeal—Entry of Judg-
ment—Jurisdiction—Dismissal.

1. If judgment was not entered until May 2, notice of ap-
   peal, served April 14 and filed April 19, was served and
   filed prematurely.

2. Where copy of judgment signed by judge, which was not
   the judgment, but the form for the clerk to follow in
   entering the judgment, was filed with clerk April 15,
   leave to amend record, which showed that judgment was
   entered May 2, will be denied, where notice of appeal
   was served April 14 and filed April 19, since such amend-
   ment would be futile to save appeal, because notice of
   appeal must both be served and filed after entry of judg-
   ment.

*See Headnotes:   (1) 3 C. J. p. 1235 n. 14.   (2) 3 C. J. p. 1076
n. 87; 4 C. J. p. 493 n. 70 New.

Appeal from District Court, Park County; Percy W.
Metz, Judge.

Actions by the Fertile Valley Canal Company against
James Kearney and others and against Frank Levander
and others. From adverse judgments in both cases, defend-
ant First National Company appeals. Heard on motion to
dismiss.

*Ernest J. Goppert,* for respondent's motion.

No notice of appeal was served within the requirements of
the statute, 6402 C. S.; Hahn v. Bank, 25 Wyo. 467; Good-
rich v. Bank, 174 Pac. 191. The record fails to show service
of notice of appeal within ten days after the entry of the
judgment attempted to be appealed from.

*Brome & Brome,* contra.

A judgment was rendered and signed on April 13, 1927;
it was filed for entry on April 15, 1927; appeal notice was

served and filed on April 19, 1927; a certified copy of the decree in the record shows the words ''Entered in District Court Journal, Book 4, at page 128-129, on May 2nd, 1927;'' upon the appearance docket above the entry of the filing of the judgment and decree, in red ink are the words, ''Recorded May 2, 1927;'' it is claimed that judgment entered after notice of appeal was given. None of the cases cited decide the question here presented; in Hahn v. Bank, the judgment was signed and filed two or three weeks after notice of appeal was served and filed; in Goodrich v. Bank the transcript did not contain a transcript of the journal entry and nothing to show that it had been entered before the appeal was taken, and because the transcript of record was filed more than seventy days from the date of entry of judgment, the appeal was dismissed; in Culbertson v. Ainsworth, the appeal was dismissed because the Court found that the notice was served before judgment rendered and entered by the clerk; in this case the words written upon the journal at the foot of the entry were no part of the judgment, and the words in red ink upon the appearance docket were not properly written there; these interpolations were procured, to be made by the clerk, by the attorney for appellee to defeat appellant's right of appeal; with this improper matter eliminated from the record there is no basis for the motion and it should be denied.

*Per Curiam.*

In each of these cases the respondent has filed a motion to dismiss the appeal on the ground that the notice of appeal was premature. The facts on the questions raised by the motions are the same in the two cases. We speak of one case, but our remarks apply to both.

The record on appeal in case No. 1461 contains a copy of the judgment concluding thus: ''Done in open court this 13 day of April, A. D. 1927. P. W. Metz, Judge.'' Following the copy of the judgment is this statement: ''Entered in District Court Journal, Book 4, Pages 128-129 on May 2, 1927.'' Then follows a certificate whereby the clerk

certifies "the foregoing to be a true and complete copy of all the Journal entries" in the case "same appearing in Book 4, District Court Journal, Pages 128-129." This is the only certified copy of the judgment, and seems to be the only thing in the record to show the date of the entry of the judgment. If the judgment was not entered until May 2, the notice of appeal which was served April 14, and filed April 19, was both served and filed prematurely. Hahn v. Citizens State Bank, 25 Wyo. 467, 171 Pac. 889, 172 Pac. 705; Culbertson v. Ainsworth, 26 Wyo. 214, 181 Pac. 418.

On the argument of the motion to dismiss, counsel for appellant suggested that he be given leave to have the record amended to save the appeal if that seemed possible. We do not believe any such amendment could be made. The only amendment that would save the appeal would be one showing that the judgment was entered on or before April 14. The notice of appeal must be both served and filed after the entry of the judgment. Culbertson v. Ainsworth, supra. The record contains, in addition to the certified copy of the judgment, another copy which apparently is the original paper signed by the judge and filed with the clerk. This paper, which, under our previous decisions, was not the judgment, but the form for the clerk to follow in entering the judgment, was filed with the clerk April 15, 1927, and the judgment could not have been entered until that date.

Appeals dismissed.