Jack **WILSON** and David Kidd, Appellants (Defendants below),

v.

G. T. **BURRIDGE**, Appellee (Plaintiff below).

No. 3041.

Supreme Court of Wyoming.

Oct. 11, 1961.

Houston G. Williams, Casper, in support of motion.

Robert R. Rose, Jr., Casper, in opposition to motion.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

PER CURIAM.

Plaintiff, G. T. Burridge, a candidate for the Casper City Council in 1956, brought an action against his opponent, Jack Wilson, seeking to be declared a duly elected councilman of the city. A judgment in his favor was affirmed on appeal to this court. Wilson v. Burridge, Wyo., 346 P.2d 282. Later, Burridge sought to recover from Wilson the moneys received from the city for services as councilman and joined Kidd, a surety, as defendant. From a judgment in favor of plaintiff, both defendants have appealed.

The judgment was entered December 23, 1960, notice of appeal given January 10, 1961, and the designation of record on appeal February 7. On March 6 the defendants filed a motion asking for an extension of time for filing the record on the ground that the clerk of the district court had been ill, and the district court entered an order extending the time for filing the record to April 5. An order of the court dated April 3 extended the time for filing the record to April 19. The record on appeal was filed April 12, more than ninety days after the filing of the notice of appeal. The trial court's order of April 3 granting an extension to April 19 was without force and effect as purporting to exceed the authority permitted such court under the provisions of Rule 73(g), Wyoming Rules of Civil Procedure.

In response to plaintiff's motion requesting dismissal, defendants urge that good faith has been shown as indicated by the filing of both the notice of appeal and the designation of record earlier than was requisite under the applicable rules. Such action, however, cannot alter the provisions of the rules and is not a persuasive factor in a consideration of the motion for dismissal.

Defendants also recount certain difficulties which they encountered in procuring the supersedeas bond, but the facts presented do not show this to be an extraordinary case in which the defendants have exercised due diligence but for causes beyond their control could not docket the record on appeal within the prescribed period.

Appeal dismissed.

McINTYRE, J., did not participate in the determination of this appeal.