**Larry BOWMAN et al., Appellants (Plaintiffs below),**

v.

**WORLAND SCHOOL DISTRICT, a Body Corporate and Political Subdivision in Washakie County, Wyoming, Appellee (Defendant below).**

**No. 4418.**

Supreme Court of Wyoming.

Jan. 29, 1975.

David N. Hitchcock, Laramie, for appellants.

Elmer J. Scott, of Scott & Jones, Worland, for appellee.

Before McEWAN,* C. J., McCLINTOCK, RAPER and THOMAS, JJ., and ARMSTRONG, D. J.

McCLINTOCK, Justice.

Larry Bowman and others have appealed from the decision of the District Court of Washakie County, Wyoming, dated March 21, 1974, filed in that court on March 22, 1974, and by which judgment plaintiffs were each denied recovery of one-half month's pay which had previously been deducted from their salaries as teachers in the Worland School District upon termination of their contracts by written notification of the teacher.[1]

■ Rule 73(a), W.R.C.P. directs that an appeal to this Court "shall be taken by filing a notice of appeal with the district court within thirty days from the entry of the judgment or final order appealed from and serving the same in accordance with the provisions of Rule 5 * * *". Rule 58(b), W.R.C.P. directs that a judgment "shall be deemed to be entered whenever a

---

* Resigned January 21, 1975, after approval of this opinion.

1. The action was originally filed in the district court on October 15, 1965. By decision of this Court entered October 2, 1968 the action was remanded to the district court for further proceedings, 445 P.2d 364. Trial to the court was had on December 10, 1973, resulting in the judgment now sought to be reversed.

form of such judgment or final order, signed by the trial judge, is filed in the office of the clerk of the court * * *". The record discloses that notice of appeal was filed in the district court on April 23, 1974, with certificate of service endorsed thereon showing that copy thereof was mailed to counsel for appellee on April 22, 1974, with parenthetical notation that April 21 was a Sunday.

Counting the thirty days in accordance with Rule 6, W.R.C.P., we must conclude that the thirtieth day from the entry of judgment was Sunday, April 21, so that the last permissible date for such filing was Monday, April 22. The notice of appeal not having been filed on that date, but only placed in the mail, we are compelled to hold that the notice of appeal was not filed within thirty days from the entry of the judgment and therefore must dismiss the appeal even though no motion to that effect has been filed in behalf of appellee.

■ We take this action reluctantly but in the firm belief that it is dictated by the rule itself. In addition to the direction that the appeal *shall* be taken within thirty days, Rule 73(a) expressly provides that "Failure of an appellant to take any step *other than the timely filing of a notice of appeal* does not affect the validity of the appeal, but is ground only for such action as the supreme court deems appropriate, which may include dismissal of the appeal." [Emphasis supplied.] This can only mean that timely filing of the notice of appeal is a strict requirement. The only relief from the consequences of failure to do this is contained in the rule itself which provides that "upon a showing of excusable neglect the district court in any action may extend the time for filing the notice of appeal not exceeding thirty days * * *". No attempt has been made to bring the case at bar within the scope of that exception.

In King v. State, Wyo., 376 P.2d 871, where the notice of appeal was filed one day late and the record on appeal was filed three days late, this Court, upon motion of the State, dismissed the appeal for failure to comply with Rules 73(a) and 83(g). We have dismissed appeals for failure timely to file the record on appeal, Douglas Reservoirs Water Users Association v. Garst, Wyo., 451 P.2d 451, and even where the district court had granted an extension of time for filing the record but exceeding the ninety days permitted by the rule, Wilson v. Burridge, Wyo., 365 P.2d 195.

Dismissal of the appeal under circumstances such as appear in the record before us appears to be the generally accepted practice in both federal and state jurisdictions, and it has frequently been said that the timely filing of a notice of appeal is jurisdictional. If this is true, then the disposition of this appeal is governed by Wyoming State Treasurer v. Niezwaag, Wyo., 444 P.2d 327, 328, and Big Horn Coal Company v. Sheridan-Wyoming Coal Company, Inc., 67 Wyo. 300, 224 P.2d 172, 177, in both of which cases it was held that this Court, notwithstanding the failure of any party to raise the question, must independently consider and pass upon its jurisdiction.

Without attempting an exhaustive research into the question, we have found a number of state decisions that adhere to the position that timely filing is jurisdictional, even under rules of court. Thus, in Nu-Way Associates, Inc. v. Keefe, 15 Cal. App.3d 926, 93 Cal.Rptr. 614, 615, a California Court of Appeals, considering the question of timely filing under court rule, refers to earlier decisions of the Supreme Court and Courts of Appeals, some of which involved statutory requirements, as establishing the following governing propositions:

"In civil cases the time requirements for taking an appeal are mandatory, and appellate courts are without jurisdiction to consider late appeals. [Cases cited.] Jurisdiction to entertain such a late appeal cannot be conferred 'by the consent or stipulation of the parties, estoppel, or waiver.' [Cases cited.] The rule is applicable even though the notice of appeal is filed but one day late. [Cases cited.] * * *

"Where a notice of appeal is untimely the appellate court on its own motion must dismiss the appeal. [Cases cited.]"

The appeal was dismissed upon the court's own motion.

In Kernodle v. Boney, 260 N.C. 774, 133 S.E.2d 697, 698, where the appeal was not timely filed, the Supreme Court of North Carolina, *"ex mero motu,* dismisses the appellant's appeal for failure to file within the time fixed by the rules".

Anderson v. Anderson, 3 Utah 2d 277, 282 P.2d 845 involved Rules 58 and 73 of the Utah Rules of Civil Procedure, which to all practical intents appear to be the same as ours, except that the time for filing is fixed as one month rather than thirty days. Quoting from its earlier case of Holton v. Holton, 121 Utah 451, 243 P.2d 438, 439 (282 P.2d at 848), that while the new rules were intended to provide liberality in procedure,

"'it is nevertheless expected that they will be followed, and unless reasons satisfactory to the court are advanced as a basis for relief from complying with them, parties will not be excused from so doing.'"

The court continued:

"It is thus clear that this appeal was not taken in time, that the failure to do so is jurisdictional and noticeable by the court sua sponte. The appeal is dismissed with costs to the respondent."

■ As was said in Grantham v. Morgan Linen Service, Inc. (7 Cir. 1970), 426 F.2d 237, 238:

"The traditional view is that failure to file a notice of appeal within the time allowed prevents jurisdiction, and the language of Rule 4(a) authorizing an extension by the district court 'not to ex-

ceed 30 days', of Rule 3(a), 'Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal * * *', and of Rule 26(b) 'the court may not enlarge the time for filing a notice of appeal * * *' is consistent with that view." [2]

As pointed out in the opinion just quoted from, the view that the requirement of timely notice is jurisdictional has been criticized in 9 Moore's Federal Practice, ¶ 204.-02[2], on the basis that that principle applied only where the requirement was statutory, thereby constituting a legislative limitation upon the jurisdiction of the appellate court. However, Moore concedes that "[s]o many hundreds of cases support the proposition that a court of appeals has no jurisdiction to hear an untimely appeal that it is too late to undermine the proposition by mere history and logic," id. at 908, and also that the time limitations of the federal rule "ought to be regarded as mandatory in the highest degree".

We doubt that we need go so far as to hold the timely filing requirement one of jurisdiction. The rule which we have adopted clearly indicates that timely filing of the notice of appeal is mandatory. We cannot properly excuse compliance upon a case by case basis dependent upon whether the point is raised by a motion to dismiss. If our rules are to have any validity and any permanence, such mandatory provisions must be given effect whether or not the litigants see fit to raise a question of noncompliance. After the notice of appeal has been timely filed further strict compliance with the rule is not required and this Court has a discretion whether to dismiss, but the present case does not present a situation for such exercise of discretion and the appeal must be dismissed.

2. These references are to the Federal Rules of Appellate Procedure. Our Rule 73(a) was originally predicated upon Rule 73(a), F.R. C.P., and we have not followed the federal courts in their general revision of the appellate rules. However, we note that the particular provisions cited in the quotation, with the exception of the reference to Rule 26(b), are essentially the same as contained in the old federal Rule 73(a) as adopted by us and still contained in our rule. While we do not have the express prohibition against this Court enlarging the time for filing a notice of appeal as contained in Rule 26(b), we think our rule is amply clear that application for relief from time limitations because of excusable neglect can only be made to the district court.