**Freddie L. JACKSON, Appellant (Defendant below),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4526.**

Supreme Court of Wyoming.

April 6, 1976.

James E. Sinon, Cheyenne, for appellant.

V. Frank Mendicino, Atty. Gen., Timothy J. Judson, Asst. Atty. Gen., and Frank Chapman, legal intern and senior law student, Cheyenne, for appellee.

Before GUTHRIE, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and ARMSTRONG, District Judge, retired.

ROSE, Justice.

The record in this matter reflects a trial to have been held on December 13, 1974. Appellant's notice of appeal to the supreme court was made, entered and dated December 13, 1974. It provides in pertinent part as follows:

> ### "NOTICE OF APPEAL TO THE SUPREME COURT
>
> "Notice is hereby given that Freddie L. Jackson, Defendant, above named, hereby appeals to the Supreme Court of the State of Wyoming from a final Judgment against him *entered December 13, 1974.*" [Emphasis supplied]
>
> \* \* \* \* \* \*
>
> "Attorney for Appellant,
> Freddie L. Jackson." [1]

The "final Judgment" referred to in the notice aforesaid does not appear in the record as a written document and there is no reason to believe that such "final Judgment" was ever "entered" on the 13th of December, 1974, or any prior date, to which the notice could have any possible reference. An "order" relating to the trial of December 13, 1974, was signed by the court and duly filed in the office of the clerk of the court on the *23rd of December, 1974.* There has been no notice of appeal entered upon the records of the court purporting to appeal from this last-mentioned "order" of December 23, 1974.

The district judge, at the end of the trial on the 13th of December, 1974, orally expressed his view of the law of the case and orally reaffirmed a prior decision which had been appealed and remanded for these further trial court proceedings.[2] The "order" of the 23rd substantially carried out and was consistent with the judge's expressions from the bench on the 13th.

---

1. Rule 38, Wyoming Rules of Criminal Procedure, provides:
   "Appeals to the supreme court shall be taken within the time and in the manner provided for the taking of appeals by the Wyoming Rules of Civil Procedure . . . "

2. *Jackson v. State*, Wyo., 522 P.2d 1286.

Since there is no notice of appeal which purports to relate to the "order" of the court duly made and entered upon the records of the court on December 23, 1974, the question is: Do the oral remarks of the court uttered on December 13, 1974, constitute a final "order" or final "judgment" from which an appeal may be taken? The alternative question is: Even though the notice of appeal dated December 13, 1974, refers to a non-existent "final Judgment . . . entered December 13, 1974," is that notice, filed ten days before the order of the 23rd, nonetheless, sufficient to commence the appellate process?

We answer both questions in the negative.

■ The integrity of the appeal was not raised by the parties, but it addresses a jurisdictional default, with respect to which we have held that we will and have the duty to consider even though not called into issue by the litigants.[3]

We said in *Pritchard v. State*, Wyo., 540 P.2d 523, at page 524:

"Ordinarily this court refrains from inquiring into questions not raised by the parties or the trial court at that stage of the proceedings, but since the *right of appeal* is statutory and jurisdictional we have a duty to inquire." [Emphasis supplied]

■ The timely filing of the notice of appeal is not only mandatory but it, too, is jurisdictional. *Sun Land and Cattle Co. v. Brown*, Wyo., 387 P.2d 1004.

A thorough inquiry into the intent, meaning, purpose and plain language of the Wyoming Rules of Civil Procedure, numbers 73(a) (how appeals are taken)

and 58(b) (time of entry of judgment or order), was made in *Bowman v. Worland School District*, Wyo., 531 P.2d 889. We held in that case that the timely filing of a notice of appeal is a strict requirement and said:

". . . [I]t has frequently been said that the timely filing of a notice of appeal is jurisdictional . . ."

Since the notice of appeal, while referring to a "final Judgment . . . entered December 13, 1974," was in fact addressed to the oral remarks and conclusions of the judge from the Bench [4], the question is—do such utterances pertaining to the law of the case constitute the "entry of the judgment or final order" (Rule 73(a) W.R.C. P.) for purposes of filing a notice of appeal to this court?

Rule 73(a) of the Wyoming Rules of Civil Procedure provides:

"Rule 73. Appeal to the Supreme Court.

(a) How and When Taken. An appeal permitted by law from a district court to the supreme court shall be taken by filing a notice of appeal with the district court within thirty days from the *entry of the judgment or final order* appealed from . . ." [Emphasis supplied]

■ Is there a notice of appeal on record herein which was filed

"within thirty days *from the entry of the judgment or final order . . .*"? [Emphasis supplied]

The *entry* of the judgment or final order is the date which triggers the commencement of the running of the thirty days. When was any judgment or final order *entered* in this case? Was it *entered* in the form of the oral remarks of the judge on

---

3. See footnote 2 of *Tobin v. Pursel*, Wyo., 539 P.2d 361, 363, where it is said:
"It is not only within the power of this court, but the duty of the court, to notice and act upon jurisdictional matters even though not raised by the parties or the court below. *Big Horn Coal Co. v. Sheridan-Wyoming Coal Co.*, 67 Wyo. 300, 224 P.2d 172, 177; *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag*, Wyo., 444 P.2d 327, 328; *Bowman v. Worland School District*, Wyo., 531 P.2d 889, 890; *and Gardner v. Walker*, Wyo., 373 P.2d 598, 599."

4. The "oral remarks" of December 13, 1974 were the only utterances—on the record or off the record—to which the notice of appeal could be addressed since no written order was filed until ten days later.

the 13th of December, 1974, or was it *entered* on the 23rd of December, 1974, when the written, signed "order" was duly recorded with the clerk of the court?

Rule 58(b), Wyoming Rules of Civil Procedure, answers the question. The rule is entitled "Entry of Judgment or Order." Subsection (b) provides:

"(b) Time of Entry. *A judgment or final order in any case shall be deemed to be entered whenever a form of such judgment or final order, signed by the trial judge, is filed in the office of the clerk of the court in which the case is pending.* If no such form of judgment or final order is signed by such trial judge in any case, then the actual entry of the judgment or final order on the journal of the proper court shall govern." [Emphasis supplied]

The problem was considered by this court in *Hahn v. Citizens' State Bank,* 25 Wyo. 467, 171 P. 889, 891, reh. den. 172 P. 705, where we held:

". . . Where the statute requires an appeal to be taken within a stated period from or after the entry of the judgment, an appeal taken prior to the entry is held to be premature . . . (with citations)"

We said in *Culbertson v. Ainsworth,* 26 Wyo. 214, at pages 215 and 216, 181 P. 418 at page 418, and *Hahn,* supra:

". . . [A] notice of appeal served and filed before the judgment appealed from was entered was premature and ineffective to bring the case here for review . . ."

In *Fertile Valley Canal Co. v. Kearney, et al.,* 37 Wyo. 475, 263 P. 620, we dismissed the appeal for premature filing of a notice of appeal where the notice was dated April 14, filed April 19, and the judgment was not entered until May 2. In so holding, we relied upon *Hahn* and *Culbertson,* supra.

The above cases were followed in *Spencer, et al. v. Pringle,* 51 Wyo. 352, 67 P.2d 204.

Finally, in *Wyoming Farm Bureau Mutual Insurance Company v. Vanelli,* Wyo., 370 P.2d 738, upon the authority of the above cited cases, namely, *Hahn, Culbertson, Fertile Valley Canal Co.,* and *Spencer v. Pringle,* we dismissed an appeal from an oral order made in open court directing a verdict in favor of opposing parties, also saying the alleged order is not an appealable order under Rule 73(a), W.R.C.P. [5]

We would conclude then that under Rule 73(a) the incident which commences the running of the thirty-day time period within which the notice of appeal must be filed is the

"entry of the judgment or final order appealed from . . ."

There was no such "entry" until the order of the 23rd of December was signed by the judge and filed by the clerk as required by Rule 58(b).

No notice of appeal having been filed within thirty days from the entry of the final order in this case, we are without jurisdiction to consider the appeal.

Appeal dismissed.

5. See *State v. Chase,* Mo., 415 S.W.2d 731 (1967); *State v. Hendel,* Mo.App., 468 S.W. 2d 664 (1971); *Allgood v. State,* 78 Nev. 326, 372 P.2d 466 (1962); *State v. Griffin,* 63 Ohio L.Abs. 118, 104 N.E.2d 61 (1952);

*Dullnig v. State,* Tex.Cr.App., 504 S.W.2d 495 (1974). See also *State v. Thorne,* 39 Wash.2d 63, 234 P.2d 528 (1951), 24A C.J.S., Criminal Law § 1711(2), p. 58.