**Frank C. BOSLER, Appellant**
**(Plaintiff below),**

v.

**N. E. MORAD and Bloody Turnip, Inc., a**
**Wyoming Corporation, Appellees**
**(Defendants below).**

**No. 4611.**

Supreme Court of Wyoming.

Oct. 14, 1976.

---

David N. Hitchcock, Laramie, for appellant.

James R. McCarty, Whitaker & McCarty, Casper, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

THOMAS, Justice.

Frank C. Bosler is before the Court in this case attempting to secure his right to appeal. Bosler did hope to have this Court review a final Judgment and Decree of the District Court of the Seventh Judicial District of the State of Wyoming, in and for Natrona County, which was entered on June 30, 1976. Under our Wyoming law Bosler could have appealed from that judgment as a matter of right, if, pursuant to Rule 73(a), W.R.C.P., his notice of appeal had been filed within 30 days. Bosler's Notice of Appeal was filed July 31, 1975, which was the 31st day after entry of the final judgment. According to the Certificate of Service on the Notice of Appeal, it was placed in the mail to opposing counsel on July 28, 1975, and there is no question raised that it was not mailed to the Clerk of the District Court on the same date.

This Court has held that the timely filing of a notice of appeal is a jurisdictional requirement, resulting in the dismissal of an appeal by this Court, of its own motion, if not accomplished. *Bard Ranches, Inc. v. Weber,* Wyo., 538 P.2d 24 (1975); and *Bowman v. Worland School District,* Wyo., 531 P.2d 889 (1975). A corollary of the jurisdictional rule is that this Court has no authority, since it is without jurisdiction, to afford any relief for the untimely filing of a notice of appeal. The district court, in accordance with Rule 73(a), W.R.C.P., can extend the time for filing of a notice of appeal for not more than 30 days upon a showing of excusable neglect. No application for such relief was made in the district court in either *Bard Ranches, Inc. v. Weber,* supra, or *Bowman v. Worland School District,* supra. The *Bowman* case expressly recognizes and sets apart from its thrust the sit-

uation in which an application for an extension of time based upon excusable neglect is submitted pursuant to Rule 73(a), W.R.C.P.

■ In this instance Bosler filed in the district court a Motion for Extension of Time seeking relief on the ground of excusable neglect under Rule 73(a), W.R.C.P. Bosler's position, asserted through his attorney, was that his experience had been that items placed in the mail in Laramie, Wyoming, from which place the Notice of Appeal was mailed, usually reached the office of the Clerk of the District Court in Casper, Wyoming, on the next day, and that in the experience of counsel none had taken more than two days, except for this Notice of Appeal which took three days. It would appear that the question was squarely posed to the district court as to whether Bosler should be relieved from the late filing of his Notice of Appeal on the ground of excusable neglect. The district court in ruling upon this motion said, "That the plaintiff has not demonstrated to the court that it should extend the time for filing the notice of appeal for excusable neglect." Bosler seeks a reversal of this ruling by the district court.[1]

■ Rule 73(a), W.R.C.P. is the same as Rule 73(a) of the Federal Rules of Civil Procedure as it read after its amendment in 1966 and prior to its abrogation by the adoption of the Federal Rules of Appellate Procedure.[2] There is no question under the language of the rule that the authority to extend the time for filing a notice of appeal upon a showing of excusable neglect is vested exclusively in the district court, and involves the exercise of discretion by the district court. In an article discussing the 1966 Amendments to the Federal Rules of Civil Procedure, Robert L. Stern, a member of the Advisory Committee on Appellate Rules of the Judicial Conference of the United States, noted that before the amendment an extension of time could only be granted in cases of "excusable neglect based on the failure of the party to learn of the entry of judgment." He observed that the amendment permitting an extension of time "upon a showing of excusable neglect" was made because experience had revealed other situations in which tardiness is excusable and it is unfair to dismiss the appeal. Mr. Stern stated specifically:

> "The most obvious example, perhaps, is undue delay in the mails resulting from a severe snowstorm, or perhaps even from an unexpected swamping of the Post Office Department as has also recently occurred in Chicago. *If a lawyer mails a notice of appeal two days ahead of the due date, when one day is ordinarily enough for the mail to be delivered, it would seem clearly unfair to bar the appeal* because of a storm or other unforeseen cause of delay delayed the delivery. This example is not hypothetical; it has happened." (Emphasis added). Stern, "Changes in the Federal Appellate Rules," 41 F.R.D. 297, 298–299 (1966).

This article is quoted with approval in *Maryland Casualty Company v. Conner*, 382 F.2d 13 (10th Cir. 1967). Professor Moore uses a similar example, noting, "But if a party places the notice of appeal in the mail in time to have it delivered to the clerk's office in ordinary course but it is not so delivered, the district court may find excusable neglect." 9 Moore's Federal Practice, ¶ 204.13[1], p. 974 (1975).

■ While the federal history would indicate that excusable neglect is still a strict standard, the amendment undoubtedly was incorporated to permit a less stringent approach than that previously used. Other

---

1. An order denying an extension of time for appeal under Rule 73(a), W.R.C.P., is an appealable order. *Matter of Orbitec Corporation*, 520 F.2d 358 (2nd Cir. 1975) ; and *Nichols-Morris Corporation v. Morris*, 272 F.2d 586 (2nd Cir. 1959).

2. The federal statement of the propositions with which we are concerned now is found in Rule 4(a), Fed.Rules App.Proc. 28 U.S.C.A. (1969).

federal cases suggest that excusable neglect may be found in the failure to file a notice of appeal because of a mail delay. *Tuley v. Heyd*, 492 F.2d 788 (5th Cir. 1974); *Weaver v. Texas*, 469 F.2d 1314 (5th Cir. 1972); and *Evans v. Jones*, 366 F. 2d 772 (4th Cir. 1966). Recently, in a case involving an application to set aside a default judgment this Court defined excusable neglect as " * * * such behavior as might be the act of a reasonably prudent person under the circumstances, * * *." *Booth v. Magee Carpet Company*, Wyo., 548 P.2d 1252, 1255 (1976). Since, according to the record, this was the only instance during the course of this litigation in which mail from Laramie to Casper took more than two days to be delivered, the belief of Bosler and his counsel that this notice of appeal would reach the office of the Clerk of the District Court in Casper, Wyoming on or before the 30th day is within the reasonably prudent person standard.

◼ In light of the definition announced in *Booth v. Magee Carpet Company*, supra, and the foregoing authorities, excusable neglect is demonstrated when a party, based upon his prior experience, believes that a pleading will be delivered on the first day, or at most the second day, after it is mailed even though it turns out that his reliance upon the postal system was not warranted. This conclusion is particularly justified by this Court's decision in *Lake v. Lake*, 63 Wyo. 375, 182 P. 2d 824 (1947). Relief from a default judgment was sought in that case on the ground that an answer, which was mailed, was not timely filed because of a delay in the mails. Having noted earlier that miscarriage of the mails is not the fault of a litigant, this Court said:

" * * * The answer was mailed in ample time so that if the mail had not been miscarried it would have reached the office of the Clerk of the District Court a day prior to the time that it was necessary to be filed. Judging the situation by reasonableness, Mr. Walton was not, we think, even though the mail is

occasionally delayed, required to anticipate the fact that it would be delayed so long, * * *." *Lake v. Lake*, 63 Wyo. 375, 405, 182 P.2d 824, 836 (1947).

The mailing of a notice of appeal is sufficiently analogous to the mailing of an answer that *Lake v. Lake*, supra, in light of the definition in *Booth v. Magee Carpet Company*, supra, governs our disposition of this case.

The approach which this Court must take in such an instance is expressed concisely in *Spriggs v. Goodrich*, 74 Wyo. 185, 201, 285 P.2d 1103, 1109 (1955) as follows:

" * * * [E]ven though the lower court had not exercised its discretion intemperately, arbitrarily, or in a manner palpably erroneous, the reviewing court should extend its inquiry to determine from the facts shown, whether in the interest of justice and right it should disturb an order which has the effect of preventing a determination upon the merits."

The appellees were on notice of the intention of Bosler to appeal, and there is no suggestion of any prejudice to the appellees. It would seem, instead, that the interests of justice and right would be best served by hearing the appeal on its merits. Furthermore, while we recognize the impracticability of expecting identical rulings by our district judges in those instances in which they are called upon to exercise their discretion, we cannot blind ourselves to the fact that recently another judge in another county found excusable neglect to be present when the original notice of appeal was delivered to the office of opposing counsel and for that reason was not filed within the 30-day period required under Rule 73(a), W.R.C.P. The neglect shown in this instance arguably is more excusable than that neglect, and justice should not depend upon a difference in either locale or judge to the extent that that result can be avoided.

The judgment of the district court is reversed and the cause remanded for the entry of a new order extending for 30 days the time for Bosler to file his Notice of

Appeal on the ground of excusable neglect. The notice of appeal already having been filed, the time for filing the record on appeal shall begin to run from the entry of that order.