FINANCIAL MANAGEMENT CORPO-
RATION, a Wyoming Corporation,
Appellant (Defendant below),

v.

WYOMING ELECTRIC SIGN COMPA-
NY, a Wyoming Corporation,
Appellee (Plaintiff below).

No. 4700.

Supreme Court of Wyoming.

March 4, 1977.

---

ORDER DISMISSING APPEAL

GUTHRIE, Chief Justice.

This case came on before this Court, upon its own motion, with respect to the question of the jurisdiction of this Court to proceed with the hearing and disposition of this case on the merits of the appeal; and it appearing from the record on appeal and the law of this jurisdiction as follows:

On March 5, 1976, a money judgment was entered in the district court in favor of the appellee and against the appellant. On March 12, 1976, the appellee timely served a motion for a new trial pursuant to Rule 59, W.R.C.P. Rule 73(a), W.R.C.P. in pertinent part provides: " * * * The running of the time for appeal is terminated as to all parties by a timely motion made by any party pursuant to any of the rules hereinafter enumerated [Rules 50(b), 52(b), 59, W.R.C.P.], and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: * * * denying a motion for a new trial under Rule 59. * * * "

█ On April 28, 1976 the parties stipulated that the appellant's motion for a new trial should be denied, and the order denying the motion for new trial was made and entered on April 29, 1976. A judgment previously entered becomes final for the purpose of filing a notice of appeal on the date that a motion for a new trial is overruled. *Sun Land & Cattle Co. v. Brown,* Wyo., 387 P.2d 1004 (1964). Our Rule 73(a), W.R.C.P. is patterned after old Rule 73(a), F.R.C.P. (*Bowman v. Worland School District,* Wyo., 531 P.2d 889, 891 (1975)), and the federal law, which is persuasive, is consistent to the effect that a judgment is not final for purposes of appeal when a timely motion such as the one made in this case is pending. See *United States v. Crescent Amusement Co.,* 323 U.S. 173, 89 L.Ed. 160, 65 S.Ct. 254 (1944); *Zimmern v. United States,* 298 U.S. 167, 80 L.Ed. 1118, 56 S.Ct. 706 (1936); *Turner v. HMH Publishing Co., Inc.,* 328 F.2d 136 (5th Cir. 1964); *Healy v. Pennsylvania R. Co.,* 181 F.2d 934 (3rd Cir. 1950); and *Tucker v. Reading Co.,* 53 F.R.D. 453 (E.D.Pa.1971).

█ The Notice of Appeal in this case was filed on April 28, 1976. A notice of appeal prematurely filed is ineffective, and in such an instance this Court lacks jurisdiction of the appeal. *Jackson v. State,* Wyo., 547 P.2d 1203 (1976); *Wyo-*

*ming Farm Bureau Mutual Insurance Company v. Vannelli,* Wyo., 370 P.2d 738 (1962); *In re Pringle's Estate,* 51 Wyo. 352, 67 P.2d 204 (1937); *Fertile Valley Canal Co. v. Kearney,* 37 Wyo. 475, 263 P.2d 620 (1928); *Culbertson v. Ainsworth,* 26 Wyo. 214, 181 P. 418 (1919); and *Hahn v. Citizens' State Bank,* 25 Wyo. 467, 171 P. 889, reh. den., 25 Wyo. 467, 172 P. 705 (1918). No notice of appeal was filed after April 29, 1976. Consequently, we are not able to reach the merits of this appeal because the timely filing of a notice of appeal is a jurisdictional requirement resulting in the dismissal of an appeal in this Court, of its own motion, if not accomplished. *Bosler v. Morad,* Wyo., 555 P.2d 567 (1976); *Bard Ranch, Inc. v. Weber,* Wyo., 538 P.2d 24 (1975); and *Bowman v. Worland School District,* supra. 24 (1975); and *Bowman v. Worland School District,* supra.

IT THEREFORE IS ORDERED that this appeal be, and it hereby is, dismissed because of lack of jurisdiction in this Court; and the hearing of this case on oral argument set for 9:00 a. m., Tuesday, March 15, 1977, be, and it hereby is, stricken.