J. Kent RUTLEDGE, Administrator of the Estate of James R. Hoffman, Deceased, et al., Appellants (Plaintiffs below),

v.

Leonard R. VONFELDT et al., Appellees (Defendants below).

No. 4631.

Supreme Court of Wyoming.

May 6, 1977.

Rehearing Denied July 11, 1977.

Arthur Kline, Kline & Swainson, and James E. Fitzgerald, Cheyenne, for appellants.

Alfred M. Pence, Pence, Millett & MacMillan, Laramie, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This appeal concerns two actions, one prosecuted under the Wrongful Death statutes [§§ 1–1065 and 1–1066, W.S.1957, 1975 Cum.Supp.] and one prosecuted for personal injuries, which were consolidated for purposes of the trial and this appeal. Plaintiffs-appellants come to this court seeking reversal of adverse judgments entered in the district court of Platte County.

The judgments in question were entered in favor of the defendants on April 30, 1975. On May 8, 1975, J. Kent Rutledge, Administrator of the Estate of James R. Hoffman, Deceased, terminated the running of the time for appeal for all parties by filing a motion for a new trial in compliance with Rules 59 and 73(a), W.R.C.P. *Sun Land & Cattle Co. v. Brown,* Wyo., 387 P.2d 1004. The parties having stipulated to continuances, the judgments of April 30, 1975, did not become final and appealable until the order denying "Plaintiffs' Motions For a New Trial" was entered September 23, 1975. We have so held in *Sun Land & Cattle Co.,* supra, at 387 P.2d 1006, where we said, speaking of judgments from which motions for new trial are filed:

"... [T]he judgment theretofore entered becomes effective for the purposes of the appeal as of the date that the

motion for new trial is overruled either by action of the court or automatically because of inaction. . . ."

■ On May 30, 1975, a notice of appeal from the judgment of April 30, 1975, was filed by J. Kent Rutledge, Administrator. Since the motion for a new trial was then pending, the notice was premature and of no force and effect as the judgments were not then final and appealable. We said in *Financial Management Corporation v. Wyoming Electric Sign Company,* Wyo., 561 P.2d 237, 237–238:

". . . A judgment previously entered becomes final for the purpose of filing a notice of appeal on the date that a motion for a new trial is overruled. *Sun Land & Cattle Co. v. Brown,* Wyo., 387 P.2d 1004 (1964). Our Rule 73(a), W.R.C.P. is patterned after old Rule 73(a), F.R.C.P. (*Bowman v. Worland School District,* Wyo., 531 P.2d 389, 891 (1975)), and the federal law, which is persuasive, is consistent to the effect that a judgment is not final for purposes of appeal when a timely motion such as the one made in this case is pending. See *United States v. Crescent Amusement Co.,* 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160 (1944); *Zimmern v. United States,* 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118 (1936); *Turner v. HMH Publishing Co., Inc.,* 328 F.2d 136 (5th Cir. 1964); *Healy v. Pennsylvania R. Co.,* 181 F.2d 934 (3rd Cir. 1950); and *Tucker v. Reading Co.,* 53 F.R.D. 453 (E.D.Pa.1971).

"The Notice of Appeal in this case was filed on April 28, 1976. A notice of appeal prematurely filed is ineffective, and in such an instance this Court lacks jurisdiction of the appeal. *Jackson v. State,* Wyo., 547 P.2d 1203 (1976); *Wyoming Farm Bureau Mutual Insurance Company v. Vannelli,* Wyo., 370 P.2d 738 (1962); *In re Pringle's Estate,* 51 Wyo. 352, 67 P.2d 204 (1937); *Fertile Valley Canal Co. v. Kearney,* 37 Wyo. 475, 263 P.2d 620 (1928); *Culbertson v. Ainsworth,* 26 Wyo. 214, 181 P. 418 (1919); and *Hahn v. Citizens' State Bank,* 25 Wyo. 467, 171 P. 889, reh. den. 25 Wyo. 467, 172 P. 705 (1918). . . ."

Unlike *Financial Management,* supra, in the instant matter, a second notice of appeal was filed October 20, 1975, following the order denying the motion for a new trial. When this notice was filed, and under the above cited authorities, there was then no effective notice of appeal of record. The second notice reads:

"NOTICE OF APPEAL

"NOTICE IS HEREBY GIVEN that the above-named plaintiffs hereby appeal to the Supreme Court of the State of Wyoming *from the Order Denying Motion for New Trial* signed by Judge Maier on September 19, 1975, and entered in the office of the Clerk of the District Court of Platte County on September 23, 1975.

"Dated October 17th, 1975." [Emphasis supplied]

■ An order denying a motion for a new trial is not an appealable order. In *Sun Land & Cattle Co. v. Brown,* supra, at 387 P.2d, page 1006, we said:

". . . An order disposing of a motion for a new trial is not an appealable order. . . ." (Citing *Kansas-Wyoming Oil Corporation v. Greaser,* 58 Wyo. 24, 122 P.2d 840; *Flint v. Voiles,* 50 Wyo. 43, 58 P.2d 443; *Tsoleas v. Hege,* 4 Cir., 250 F.2d 127).

See also 11 Wright & Miller, Federal Practice and Procedure: Civil § 2818, p. 116; and *State National Bank of El Paso v. United States,* 5 Cir., 488 F.2d 890, 893 (1974).

In order for the second notice of appeal to have complied with jurisdictional requirements, it should have been filed—as it was—within 30 days of the entry of the order denying the motion for a new trial, but it should have notified of an appeal from the *judgments* entered April 30, 1975 —not the order denying the motion for a new trial entered September 23, 1975.

■ As the judgments from which relief is sought are not properly before this court, we are forced to dismiss this appeal. Without a timely notice of appeal from the judgment, we are without jurisdiction. *Jackson*

*v. State,* Wyo., 547 P.2d 1203; *Wyoming Farm Bureau Mutual Insurance Company v. Vannelli,* Wyo., 370 P.2d 738; *Spencer v. Pringle,* 51 Wyo. 352, 67 P.2d 204; *Fertile Valley Canal Co. v. Kearney,* 37 Wyo. 475, 263 P. 620; *Culbertson v. Ainsworth,* 26 Wyo. 214, 181 P. 418; *Hahn v. Citizens' State Bank,* 25 Wyo. 467, 171 P. 889, reh. den. 25 Wyo. 467, 172 P.2d 705; *Financial Management Corp. v. Wyoming Electric Sign Co.,* supra; *Bosler v. Morad,* Wyo., 555 P.2d 567; *Bard Ranches, Inc. v. Weber,* Wyo., 538 P.2d 24, reh. den., *Matter of Final Proofs of Appropriation of Following Water Rights,* Wyo., 541 P.2d 791; and *Bowman v. Worland School Dist.,* Wyo., 531 P.2d 889.

Even though these jurisdictional deficiencies were not called to our attention by the parties, it was, nevertheless, our unhappy obligation to call them up ourselves. *Jackson v. State,* supra, and authorities therein contained.

This appeal is dismissed because of lack of jurisdiction in this court.