The STATE of Wyoming, Appellant
(Defendant below),

v.

Richard E. BERGER, Appellee
(Plaintiff below).

No. 5092.

Supreme Court of Wyoming.

Sept. 13, 1979.

John D. Troughton, Atty. Gen., Cheyenne, and D. Terry Rogers, County and Pros. Atty., Teton County, Jackson, for appellant.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

This action originated with a petition by Richard E. Berger for post-conviction relief under §§ 7–14–101, et seq., W.S.1977.[1]

Berger was originally tried in the District Court of Teton County on a charge of assault and battery with intent to commit a felony, in violation of § 6–69, W.S.1957, 1975 Cum.Supp. [now § 6–4–503, W.S.1977]. He was found guilty and, on January 30, 1976, judgment and sentence was entered.

On May 28, 1976, Berger was brought before the trial court for proceedings under Rule 36, W.R.Cr.P.,[2] at which time his sen-

---

1. Section 7–14–101, W.S.1977, provides:

"Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act [§§ 7–14–101 to 7–14–108]. The proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition verified by affidavit, together with a copy thereof, which copy shall be forwarded by the clerk of court to the attorney general of the state of Wyo-

ming by certified or registered mail. The clerk shall docket the petition upon his receipt thereof and bring the same promptly to the attention of the court. No proceeding under this act shall be commenced more than five (5) years after the conviction and sentence of the accused, unless petitioner alleges facts showing that the delay was not due to his own neglect."

2. Rule 36, W.R.Cr.P., provides:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

tence was reduced and he was informed of his right to appeal the verdict of the jury and the judgment. He was also told that if he could not afford an attorney, one would be appointed for him at County expense. The court said:

". . . Mr. Berger, I would advise you that you have the right to appeal the verdict of the jury and the judgment of this Court to the Supreme Court. If you desire to make such appeal and cannot afford an attorney to prosecute this appeal, the Court will appoint an attorney to represent you at the expense of the County to prosecute this case. . . ."

No appeal of the verdict of the jury or the judgment and sentence in the Teton County criminal action was ever taken by Richard E. Berger or anyone on his behalf.

On August 30, 1978, Berger filed a petition for post-conviction relief in the District Court of Teton County, Wyoming. On November 1, 1978, following a hearing on the petition, the trial court held that Berger had been denied his right to appeal the jury verdict as rendered in the Teton County criminal action aforesaid. This appeal by the State of Wyoming is taken from that decision of the trial court.

The only issue for decision is whether or not Berger was in fact denied his right of appeal from the judgment and sentence as rendered in the criminal case. We will find that Mr. Berger was not denied his right and will reverse the holding of the trial court.

Rule 33(a)(2), W.R.Cr.P., provides:

"(2) *Notification of Right to Appeal.*— After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal *in forma pauperis.*"

The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of an order or judg-

The trial court complied with the requirements of Rule 33(a)(2), W.R.Cr.P., during the proceedings on May 28, 1976, when it modified the original judgment and sentence and slightly reduced Richard E. Berger's sentence.

When Berger was re-sentenced on May 28, 1976, then-existing Rule 38, W.R.Cr.P., required that appeals to the supreme court "shall be taken within the time and in the manner provided for the taking of appeals by the Wyoming Rules of Civil Procedure." Rule 73, W.R.C.P., was then applicable and it required that an appeal permitted by law from a district court to the supreme court "shall be taken by filing a notice of appeal with the district court to the supreme court within thirty days from the entry of the judgment or final order appealed from."

We have held that the time limitation for filing a notice of appeal is mandatory and jurisdictional. *Sun Land & Cattle Co. v. Brown*, Wyo., 387 P.2d 1004 (1964); *Jackson v. State*, Wyo., 547 P.2d 1203 (1976); *Carr v. Hopkin*, Wyo., 556 P.2d 221 (1976); *Johnson v. Hauffe*, Wyo., 567 P.2d 735 (1977); *Compton v. State*, Wyo., 555 P.2d 232 (1976); *McMullen v. McMullen*, Wyo., 559 P.2d 37 (1977); and *Bosler v. Morad*, Wyo., 555 P.2d 567 (1976).

■ An individual is not deprived of his constitutional rights to an appeal in a criminal case so long as the rules governing appellate procedure are followed. *Hudson v. State*, 89 N.M. 759, 557 P.2d 1108 (1976).

■ This court has no jurisdiction to consider an appeal where the rules of appellate procedure with respect to notice of appeal have not been complied with. *Jackson v. State* Wyo., 547 P.2d 1203 (1976).

■ The argument is made in this case that the defendant wanted to appeal but the appeal was not perfected because of a misunderstanding with his attorney. Were

ment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."

we to accept this excuse, we would effectively be renouncing the rule in all of the above-cited cases, which holds that the limitation for filing the notice of appeal is mandatory and jurisdictional. This we are not prepared to do.

The notice of appeal was not timely filed—in fact, it was not filed at all—and, therefore, the judgment of the trial court is reversed.

Reversed.