Patsy COLTON, Appellant (Plaintiff),

v.

Marc BRANN, M.D., Appellee (Defendant).

No. 90–14.

Supreme Court of Wyoming.

Feb. 6, 1990.

ORDER DISMISSING APPEAL

█ This case came before the Court on its own motion in connection with a consideration of the jurisdiction of this Court to hear the appeal, and the Court, having reviewed the file and records, finds as follows:

(1) The jury rendered a verdict in favor of the appellee and judgment was en-

tered on that verdict on September 15, 1989.

(2) Appellant filed a motion for judgment notwithstanding the verdict or for new trial on September 21, 1989. This motion had the effect of extending the usual time for appeal until such time as the motions were denied or deemed denied. W.R.A.P. 2.01; and see W.R.C.P. 50(b) and W.R.C.P. 59(f).

(3) The district court denied appellant's motions on November 29, 1989.

(4) On December 14, 1989, appellee filed a notice of appeal, designating the order from which the appeal was taken as, "Order Denying Plaintiff's Motion for Judgment Notwithstanding The Verdict, And In the Alternative, Motion For A New Trial dated November 29, 1989." The notice of appeal made no mention of the judgment.

■ The order from which the appeal was taken is not an appealable final order. In *Sun Land & Cattle Co. v. Brown*, 387 P.2d 1004, 1006 (Wyo.1964), we held that an order disposing of a motion for new trial is not an appealable final order. We also held that a notice of appeal which designates both the final judgment, as well as the order denying a motion for new trial does not violate this rule. We iterated this rule in *Rutledge v. Vonfeldt*, 564 P.2d 350, 351–352 (Wyo.1977), and further held that without a timely notice of appeal having been filed in a case, we are without jurisdiction to hear the appeal. The time for filing a notice of appeal has long since passed in this case. We note further, that where alternative motions for judgment notwithstanding the verdict and for new trial are denied by the district court, the appeal is from the judgment entered on the verdict. 9 Wright & Miller, Federal Practice and Procedure: Civil § 2540, p. 617 (1971). In a recent unpublished order of this Court, we dismissed an appeal that was taken from an order denying a motion to alter or amend the judgment. *Parker v. Kahin*, 758 P.2d 570 (Wyo.1988). There have been other instances where appeals have been dismissed based on the above-cited authorities. We find that the circumstances presented by this case are indistinguishable from those cases and authorities cited above and we are required to dismiss the appeal. We have chosen to publish this order as a means of reminding the practicing attorneys of this state of this important appellate rule. It is therefore,

ORDERED that the appeal be, and it is hereby, dismissed.