2005 WY 38

**John SCOTT and Jeanne Wagner as Personal Representatives of the Estate of Jack A. Scott, Appellants (Plaintiffs),**

v.

**Michael David SUTPHIN, M.D., Appellee (Defendant).**

No. 04–102.

Supreme Court of Wyoming.

April 7, 2005.

Rehearing Denied May 3, 2005.

Representing Appellant: G. Bryan Ulmer, III, R. Daniel Fleck, and Emily R. Rankin of The Spence Law Firm, LLC, Spence, Shockey & McCalla, Jackson, Wyoming. Argument by Mr. Ulmer.

Representing Appellee: George E. Powers, Jr., of Sundahl, Powers, Kapp & Martin, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, and VOIGT, JJ., and KALOKATHIS and DONNELL, D.JJ.

GOLDEN, Justice.

[¶ 1] Appellants claim to appeal from a jury verdict in a wrongful death action. The only notice of appeal filed with this Court, however, appeals the denial by the trial court of Appellants' "Motion for Additur Or In The Alternative Motion For A New Trial." Such an order is not an appealable order. *See Rutledge v. Vonfeldt*, 564 P.2d 350 (Wyo. 1977) (order denying motion for new trial not appealable and appeal therefrom does not constitute appeal from judgment so appeal dismissed).

[¶ 2] Earlier in this appeal, Appellee filed a motion to dismiss this appeal on the grounds of lack of jurisdiction precisely because the notice of appeal was from a nonappealable order. In response to this motion to dismiss, Appellants argued that this Court should overlook this technical violation and allow the appeal to proceed as if the judgment had been properly appealed. This Court, acknowledging that there appears to be a recent trend not to stand on technicalities and treat a notice of appeal in these circumstances as if it were an appeal of the judgment, denied the motion to dismiss.

[¶ 3] After the presentation of oral argument, and after further review of all briefs filed in this action, this Court has decided that its earlier denial of the Appellee's motion to dismiss was in error. In the final analysis, Appellants never appealed the judgment in the wrongful death action. Never before has this Court held that the absence of a proper notice of appeal was simply a harmless technical lapse. We decline Appellants' invitation to so casually rewrite the firmly established jurisdictional rules of this Court. Therefore, this Court holds that it has no jurisdiction to hear this appeal. *Rutledge v. Vonfeldt*, 564 P.2d 350 (Wyo.1977); *Colton v. Brann*, 786 P.2d 880 (Wyo.1990) ("an order disposing of a motion for a new trial is not an appealable final order" and the appeal must be from the judgment entered on the verdict in order to bestow jurisdiction upon this Court to hear the appeal). This appeal is dismissed.