## WOLCOTT *v.* THE TERRITORY OF WYOMING.

JURISDICTION—JUSTICES OF THE PEACE.—The organic act of Wyoming territory, provides that justices of the peace may have jurisdiction in civil and criminal cases not involving titles to lands or cases of felony, where the amount claimed or the penalty fixed does not exceed one hundred dollars, and as limited by law.

IDEM.—There is no limit to the penalty for the crime of assault and battery.

IDEM.—Hence justices of the peace have no jurisdiction of the offense, nor to hear, try and determine the same, but upon the charge would sit only, and have authority as committing magistrates.

ERROR to the First District Court for Laramie County.

This was a criminal prosecution for assault and battery, commenced before a justice of the peace, by complaint and warrant. After change of venue, under the statute, the case was tried before Justice Slaughter, of Laramie county, on the nineteenth day of December, 1871, and said justice of the peace on the same day, after consideration of the case, adjudged that the defendant, Frank Wolcott, pay a fine of ten dollars and costs of prosecution. An appeal was taken to the district court of said county, from the decision of the justice. A motion was made by the prosecuting attorney, in the district court, to dismiss the appeal from the justice's court. The district court sustained the motion, ordered the appeal to be dismissed and a writ of procedendo to issue to the justice to carry the judgment into effect. The defendant, by his attorney, excepted to the ruling of the district

court.   The case is brought to this court by a writ of error, and the defendant in the court below assigns as error:

I. That the district court erred in dismissing the appeal and affirming the judgment of the justice.

II. That the court erred in that it did not try the cause instead of dismissing the appeal.

III. That the court erred in refusing to reverse the judgment of the justice of the peace before whom the cause was tried.

*E. P. Johnson,* for plaintiff in error.

*I. W. Cook,* for defendant in error.

By the Court, CAREY, J.  The only assignment of error which the court finds it necessary to consider, is the first one alleged, that is: That the district court erred in dismissing the appeal and affirming the judgment of the justice.   The counsel for the plaintiff in error contends that the justice of the peace who tried the case had not jurisdiction of the offense, and for that reason all his proceedings were void.

The organic act of the territory provides " that the judicial power of said territory shall be vested in a supreme court, district courts, probate courts and justices of the peace.   That the jurisdiction of the several courts herein provided for, both appellate and original, and that of the probate courts and of the justices of the peace, shall be as limited by law, *provided*, that justices of the peace shall not have jurisdiction of any matter in controversy when the title or boundaries of land may be in dispute, or when the debt or sum claimed shall exceed one hundred dollars, and the said supreme and district courts shall possess chancery as well as common law jurisdiction, and authority for redress of all wrongs committed against the constitution or laws of the United States, or of the territory, affecting persons or property."

It is plain that the jurisdiction of justices of the peace,

in this territory, must now be as is limited by the laws of the territory so far as said laws are not inconsistent with the organic act. By reference to the act of the legislature, defining the jurisdiction of justices of the peace in criminal cases, we find (Sec. 1, Wyoming Laws, 1869, pp. 90, 91,) "That justices of the peace, in their respective counties, have jurisdiction of, and may hear,' try and determine all public offenses less than felony, *except* as otherwise provided by law, in which the punishment prescribed by law does not exceed a fine of one hundred dollars, or imprisonment for six months."

We gain from this section to give the justice jurisdiction, except it be otherwise provided by law, to hear, try and determine a public offense, such offense must be:

1. Less than a felony;

2. Such offense "less than felony" must have a punishment prescribed by law;

3. Such punishment prescribed for an offense "less than felony" must be a fine not exceeding one hundred dollars, or imprisonment not exceeding six months.

If any public offense is deficient in any of these requisites, the justice of the peace has no jurisdiction to hear, try and determine it. The law of the territory defines "an assault and battery to be the unlawful beating of another. It is admitted that the defendant was tried under this law by the justice. Let us apply the test and find whether the justice of the peace had jurisdiction to hear, try and determine the case. Assault and battery is not one of the exceptions contemplated in the section defining criminal jurisdiction of justices of the peace; or in other words, it is not an offense otherwise provided for by law so that in respect to it the section of law named applies. The first question then to be determined: Is the assault and battery defined by the statute a public offense less than felony? We are unable to answer the question. The law is silent. The most that can be said is, that it is unlawful. If the plaintiff in error had been prosecuted for the common law offense of assault and battery, then the court would not for

a moment hesitate to say that it is a misdemeanor. Again, is there a punishment prescribed for the assault and battery, prescribed by the statute, which does not exceed one hundred dollars fine or six months imprisonment. This question must be answered in the negative, as the legislature has failed to prescribe any punishment whatever for the offense of assault and battery. Hence we must conclude that the offense for which the defendant was tried was not one of which the justice had jurisdiction.

But it was contended, since no objection was made to the justice hearing, trying and determining the cause on its merits, it is presumed that he had jurisdiction. In civil cases, where a statute does not give jurisdiction the consent of parties cannot give it: 5 Seld. (N. Y.) 35. If there be reasons for this being the law in civil actions, much stronger grounds exist for its being the law in criminal cases. The principle is well established that any act of a tribunal beyond its jurisdiction is null and void, and of no effect whatever: 33 Maine, 414; 13 Ill. 432; 21 Barb. (N. Y.) 9. Where the cause of action is not within the jurisdiction granted by law to the tribunal, it will dismiss the suit at any time when the fact is brought to its notice: 22 Barb. (N. Y.) 323. The courts of justices of the peace are of special and limited jurisdiction. They can take nothing by intendment or implication: 1 Nev. 100. The justices' jurisdiction in this territory depends upon express legislative enactment. Congress has expressly provided that their jurisdiction shall be as is limited by law, while the supreme court and district court shall have chancery and common law jurisdiction for certain purposes.

It is claimed that even if the justice had not jurisdiction of the offense, that by the appeal the district court obtained jurisdiction, and could have tried the case on its merits. The contrary doctrine is well established. The appellate court stands in the same position as the court of original jurisdiction. On an appeal, want of jurisdiction in the court below is equally a want of jurisdiction in the appellate court.

Judgment reversed.