**Marvin Shannon COMPTON, Appellant**
**(Defendant below),**

v.

**STATE of Wyoming, Appellee**
**(Plaintiff below).**

**No. 4577.**

Supreme Court of Wyoming.

Oct. 18, 1976.

---

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, University of Wyoming, and Burton W. Gutz, Senior law student, Laramie, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Cheyenne, and Robert J. Tresslar, County and Pros. Atty., Johnson County, Buffalo, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

In this criminal appeal, defendant urges that his conviction and sentence be set aside because his guilty plea was not voluntarily or intelligently made—appellee–State of Wyoming is accused of breaching a plea

bargain and appellant asks that his probation be reinstated because the trial court, in revoking it, denied his right to procedural due process.

We must dismiss the appeal because notice of appeal was not timely filed under Rule 73(a), Wyoming Rules of Civil Procedure, and therefore this court does not have jurisdiction to consider the issues raised by appellant. *Jackson v. State,* Wyo., 547 P.2d 1203 (1976); *Sun Land & Cattle Co. v. Brown,* Wyo., 387 P.2d 1004 (1964).

Even though this matter was not called to our attention by counsel, it is the duty of this court to notice and act upon jurisdictional matters. *Tobin v. Pursel,* Wyo., 539 P.2d 361, 363; *Big Horn Coal Co. v. Sheridan-Wyoming Coal Co.,* 67 Wyo. 300, 224 P.2d 172, 177; *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag,* Wyo., 444 P.2d 327, 328; *Bowman v. Worland School District,* Wyo., 531 P.2d 889, 890; and *Gardner v. Walker,* Wyo., 373 P.2d 598, 599.

The only written order entered from which appeal seeks to be taken is the court's Judgment and Sentence of June 12, 1975, under which the defendant was sentenced to from two to five years in the Wyoming State Penitentiary.

A notice of appeal from this Judgment and Sentence was filed by Compton, pro se on July 16, 1975, some four days past the time provided by Rule 73(a), Wyoming Rules of Civil Procedure.[1] Another notice of appeal from the aforesaid June 12, 1975 Judgment and Sentence of the court was filed on July 18, 1975. There were no other notices of appeal filed seeking to appeal from this or any other order or judgment.

The issue may, therefore, be defined in a very abbreviated way: In light of the fact that the notices of appeal have

---

1. Rule 73(a), W.R.C.P., reads in part as follows:

   "(a) *How and When Taken.* An appeal permitted by law from a district court to the supreme court shall be taken by filing a notice of appeal with the district court within thirty days from the entry of the judgment or final order appealed from and serving the same in accordance with the provisions of Rule 5, . . . ."

been filed more than thirty days from the entry of the Judgment and Sentence from which the appeal seeks to be taken, does this court have jurisdiction in the premises?

We have answered this question recently in *Jackson v. State,* Wyo., 547 P.2d 1203, citing *Sun Land & Cattle Co.,* supra, and *Bowman v. Worland School District,* Wyo., 531 P.2d 889, somewhat in detail and have held that under these circumstances this court has no jurisdiction to entertain the appeal.

The failure to file the notice of appeal in a timely fashion, as provided by Rule 73(a), W.R.C.P., deprives this court of jurisdiction and we find nothing here in this record which gives the appellant relief from the mandate of the rule.

The appeal is therefore dismissed.