**Robert VISCONTI, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 77–3537–C.

United States District Court,
D. Massachusetts.

July 26, 1978.

Robert L. Visconti, pro se.

Martin D. Boudreau, Sp. Atty., U. S. Dept. of Justice, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

The Court has received a six-page letter from Mr. Visconti, the major thrust of which is a request to reduce the length of an eight-year sentence imposed on him for conspiring to make, and of making, an extortionate extension of credit, i. e., "loansharking," in violation of 18 U.S.C.A. § 892(a).

■ The letter also contains statements by Mr. Visconti which, construed favorably to him, might be considered as stating a claim under 28 U.S.C.A. § 2255 for the alleged denial to him of an opportunity to plead GUILTY. Mr. Visconti now speculates that, had he pleaded guilty (which he never attempted to do), a lesser sentence might have been imposed. As a result of these allegations, the Court directed counsel for the United States to file a response, and it has done so. It is well settled law that § 2255 requires that a hearing be held on a § 2255 petition unless "the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." The Supreme Court has told us in *Machibroda v. United States,* 368 U.S. 487 (1962), at 495, 82 S.Ct. 510, at 514, 7 L.Ed.2d 473, that "the language of the statute does not strip the district courts of all discretion to exercise their common sense."

It is clear that, in the absence of a statute providing otherwise, there is no constitutional right to plead guilty, *cf. Lynch v. Overholser,* 369 U.S. 705, 719, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962). It is also established law that Rule 11 of the Federal Rules of Criminal Procedure does not confer such a right. *See United States v. Bednarski,* 445 F.2d 364, 365–366 (1st Cir. 1971). *See also* the recent opinion of the Supreme Court in *Weatherford v. Bursey,* 429 U.S. 545 (1977), at 556, 97 S.Ct. 837, at 846, 50 L.Ed.2d 30, where the Court observed: "It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea." It follows that, since defendant had no right to plead guilty, his standing trial on a not guilty plea did not deprive him of any right cognizable under § 2255.

A second and separate deficiency in petitioner's contention is his claim that, had he pleaded guilty, he would have received a lesser sentence. This is sheer speculation, and defendant himself concedes in his petition that his lawyer advised him (and correctly) that, had he pleaded guilty, he might have been sentenced to up to twenty years. Petitioner alleges no facts on the basis of which a finding is probable that any different sentence would have been imposed had he pleaded guilty. It should be noted, as pointed out in the government's response, that the Court of Appeals affirmed petitioner's conviction, *United States v. Visconti,* 546 F.2d 452 (1st Cir. 1976); certiorari was denied, 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977), and a Rule 35 motion for reduction of sentence was denied in an unpublished ruling, *United States v. Visconti,* No. 75–434–C (September 8, 1977). Only after all this litigation was concluded adversely to petitioner did he raise the present contentions.

In consideration of the foregoing, I rule that petitioner's letter is fatally defective as a petition under § 2255 and that the files and records of this case conclusively show Visconti is entitled to no relief.

For the above reasons, an Order will be entered dismissing the petition.