**Robert D. JESSEN, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

**No. 5377.**

Supreme Court of Wyoming.

Jan. 30, 1981.

---

Robert T. Moxley, Wheatland, for appellant.

John D. Troughton, Atty. Gen., Allen C. Johnson, Sr., Asst. Atty. Gen., and Vicci Colgan, Legal Intern, on brief for appellee; John W. Renneisen, Asst. Atty. Gen., argued.

Before ROSE, C. J.,* McCLINTOCK, RAPER,** THOMAS and ROONEY, JJ.

RAPER, Justice.

The defendant-appellant appeals from an order of the district judge dated the 31st day of July, 1980 affirming an order of a justice of the peace denying the appellant's Motion to Set Aside Plea of Guilty on the issue of whether the justice of the peace properly accepted a bargained plea of guilty. We will dismiss the appeal.

A timetable of proceedings taken in the criminal proceedings against appellant is necessary to an understanding of our disposition:

December 4, 1979. Complaint filed charging appellant with five counts of assault and battery and disturbing the peace in violation of §§ 6–4–502, 6–8–602, 6–6–201 and 6–6–202, W.S.1977 and criminal warrant issued.

January 3, 1980. Hearing on bargained plea held. Judgment and sentence entered by justice of the peace fining appellant "* * * $100.00 plus $10.00 costs or [1] that you be imprisoned in the County Jail of the County of PLATTE, Wyoming for a period of 6 months. 1 month suspended." It was further ordered that the appellant " * * * take therapy; choice of session type and number of sessions would be at the discretion of the therapist."

January 4, 1980. Appellant appealed to the district court for Platte County stating, in accord with Rule 23(c), W.R.Cr.P.J.C., his grounds for appeal:

"1. That charges of simple assault and battery (W.S.6–4–502) were lodged against the defendant on January 3, 1980.

---

* Chief Justice since January 5, 1981.

** Chief Justice at time of oral argument.

1. While the formal sentence and judgment appears in the alternative of fine or imprisonment, this is apparently a clerical error; the court's announcement at time of sentencing and the understanding of the parties being that both fine and imprisonment were intended.

"2. That defendant entered a plea of guilty pursuant to plea bargaining with the prosecution, wherein the prosecution was to make no recommendation on sentencing.

"3. That defendant put on unrebutted evidence to show that defendant has made great progress toward rehabilitation.

"4. That defendant, without objection from the prosecution, proposed an alternative to imprisonment, and introduced (as 'Exhibit A') the recommendations and evaluation prepared by the Southeastern Wyoming Mental Health Center.

"5. That the maximum fine ($100.00) and sentence was levied, with one month of the six-month sentence suspended.

"6. That under the circumstances, the trial judge abused his discretion in imposing sentence, in that the rehabilitation of defendant was not given due consideration."

February 15, 1980. Decision letter by district judge issued finding " * * * that the Justice of the Peace did not abuse his power and discretion in assessing a fine of $100 and imposing a sentence of six months in jail with one month suspended and that the same was not arbitrary."

February 25, 1980. Order of affirmance by district judge entered.

■ March 12, 1980. Notice of Appeal[2] from the district court order to the Wyoming Supreme Court filed with district court. The docketing statement filed in the district court on the same date stated the issues to be that:

"1. Whether or not the decision of the trial court violates the ABA Standards for Criminal Justice as they relate to Sentencing and Probation, and if so, whether or not such is a reversable [sic] abuse of discretion.

"2. Whether or not the sentence imposed by the trial court violates the Constitution of the State of Wyoming, Article 1 Section 15; in other words, whether said decision is contrary to the 'humane principles of reformation and reform.'

"3. Whether or not there exists a factual basis for the decision of the trial court, and whether or not the trial court made the necessary findings of fact to justify its decision.

"4. Whether or not the trial court abused its discretion in refusing to acknowledge or take into account the demonstrated rehabilitation of the Defendant.

"5. Whether or not the trial court abused its discretion in refusing to consider the request of defense counsel that probation be granted."

April 21, 1980. Appellant dismissed his appeal to the supreme court for the reason that counsel's examination of the typed transcript of proceedings before the justice of the peace had on January 3, 1980, purportedly disclosed that there were grounds for a motion to set aside the guilty plea of appellant.

April 3, 1980. The sentencing justice of the peace set for hearing on April 30, 1980 appellant's undated Motion to Set Aside Plea of Guilty which alleged:

" * * * the trial court did not address defendant personally to ascertain whether or not the defendant personally understood the consequences of his plea, and whether or not the plea was entered voluntarily, knowingly, and intellegently [sic]; said inquiry being required pursuant to Rule 11, W.R.C.P. and W.R.Cr.P. J.C.

"THAT under the circumstances of the case, defendant did not fully understand the possible consequences of his plea of

---

**2.** 1980 was a leap year; February had 29 days. This appeal would have been forthwith summarily dismissed upon filing of the record in this court even if not dismissed in the district court because our routine screening process would have detected from the docketing statement that the fifteen days for filing notice of appeal, Rule 2.01, W.R.A.P., expired on March 11, 1981.

guilty, and was led to believe that probation and psychotherapy would be the sentence."

May 2, 1980. The sentencing justice of the peace denied appellant's Motion to Set Aside Plea of Guilty.

May 12, 1980. Appellant filed a Notice of Appeal to the district court from the denial of appellant's Motion to Set Aside Plea of Guilty alleging as error that the justice of the peace did not properly accept the January 3, 1980 plea of guilty under Rule 9, W.R.Cr.P.J.C., the provisions of which are mandatory.

July 21, 1980. A decision letter of the district judge was filed which declared that:

"After careful consideration and deliberation, this Court finds that the plea of guilty accepted by the Justice of the Peace was made by the Defendant upon advice of counsel and as the result of plea bargaining, there was a dismissal of other charges and the remaining charge reduced to assault and battery. The Justice of the Peace advised the Defendant of the nature of the charge and the consequences of the plea, and before sentencing heard testimony sufficient to justify the acceptance of the plea of guilty and for the sentence imposed."

August 4, 1980. The district judge entered an order affirming "the acceptance of the plea and subsequent sentencing of the Justice of the Peace Court."

The issue confronting this court as we see it does not go to the merits of whether the justice of the peace properly accepted a bargained plea of guilty but whether we may consider the question at all in the proceedings now before us.

All appeals to the district court and the supreme court are governed by the Wyoming Rules of Appellate Procedure. Rule 1.01, W.R.A.P. "The timely filing of a no-

tice of appeal is jurisdictional. * * * " Rule 1.02, W.R.A.P. Only *judgments rendered* or *final orders* made by a court inferior in jurisdiction to the district court may be reversed upon an appeal taken to the district court for errors appearing on the record. Rule 1.03, W.R.A.P.

■ The judgment and sentence of the justice of the peace dated January 3, 1980 is the only final order as defined by Rule 1.05, W.R.A.P. in the record from which an appeal could be taken. When the appellant dismissed his first appeal from the district court to this court, he lost his opportunity for our review.[3] In a criminal case before a justice of the peace, the defendant shall, "within 10 days after entry of *the judgment*, file written notice of appeal with the justice" and "[f]ailure to file timely notice of appeal shall be deemed a waiver of the right to appeal to district court." Rule 23(b), W.R.Cr.P.J.C.

No provision for tolling of the time in which to file a notice of appeal is provided by the W.R.Cr.P.J.C. nor would the tolling provisions of Rule 2.01, W.R.A.P. apply:

"In a criminal case, if timely motion in arrest of judgment, Rule 35, W.R.Cr.P.; for a new trial, Rule 34, W.R.Cr.P.; for acquittal, Rule 30(c), W.R.Cr.P. is made, the running of the time for appeal is terminated, and the full time commences to run and is computed from entry of any order denying said motion or when such motions are deemed denied."

■ A motion to withdraw a plea of guilty is not such a motion as will toll the time for appeal. To hold otherwise would defeat Rule 1.02, W.R.A.P. declaring that the timely filing of a notice of appeal is jurisdictional, which doctrine has been sustained throughout the history of this court in a long line of decisions no less applicable to criminal cases than civil ones. *Murphy v.*

---

**3.** The appeal was never perfected in this court by filing of the record. The supreme court does not acquire jurisdiction over a cause until the record on appeal is filed with the Clerk of the Supreme Court. Rule 3.01, W.R.A.P. The time for filing of the record in the first appeal has long since expired, Rule 3.02, W.R.A.P., even if the appeal had not been abandoned.

*State,* Wyo.1979, 592 P.2d 1159; *Compton v. State,* Wyo.1976, 555 P.2d 232; *King v. State,* Wyo.1962, 376 P.2d 871; *State, ex rel. Conway v. Blake,* 1894, 5 Wyo. 107, 125, 38 P. 354, 359. The filing of a post-judgment motion and order of denial is not permitted to revive lost opportunities to appeal the underlying judgment. Tolling is only allowed in those instances provided by Rule 2.01, supra. Further, we may raise the question without suggestion of counsel. *Compton v. State,* supra.

▮ A want of jurisdiction in the district court is equally a want of jurisdiction in the supreme court. *Wolcott v. Territory of Wyoming,* 1872, 1 Wyo. 67. The supreme court can have no greater jurisdiction than the district court and where the district court had no jurisdiction, this court has none. *Snell v. Ruppert,* Wyo.1975, 541 P.2d 1042; *Pritchard v. State, Division of Vocational Rehabilitation, Department of Health and Social Services,* Wyo.1975, 540 P.2d 523. The district court had no jurisdiction to hear the second appeal, thus we have none.

▮ We are unimpressed by the appellant's "discovery" after receiving a transcript of the sentencing proceedings conducted before the justice of the peace that proper procedures had not been followed there in accepting the bargained plea of guilty. No excusable neglect is present. The appellant had the same counsel at all times representing him throughout this criminal proceeding. They were both present and freely participated in the entry of a bargained plea of guilty and sentencing hearing. Thereafter an appeal to the district court was prepared. At that time there was available a tape recording from which the transcript was eventually made, a brief was prepared and the first appeal was orally argued to the district judge. There was ample time in which to prepare an appeal on proper grounds. No element of surprise exists. The time to appeal the judgment and sentence has now long since expired; it cannot be enlarged by recourse to a motion to change a plea.

The appeal is dismissed.