Pete STAMPER, Appellant (Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 83–158.

Supreme Court of Wyoming.

Nov. 9, 1983.

See also, Wyo., 662 P.2d 82.

Terry W. Mackey, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen. and Gerald A. Stack, Deputy Atty. Gen., Criminal Division, for appellee.

ORDER

This case came on before the court upon a Petition for Reinstatement filed herein by Pete Stamper on September 30, 1983, and a Motion Requesting Oral Argument by Pete Stamper filed herein on September 30, 1983, and the court having examined the files and record of the court and being fully advised in the premises finds that it is appropriate to consider the Petition for Reinstatement as a Petition for a Writ of Certiorari; the writ of certiorari is an adequate and appropriate remedy by which the petitioner may separately assert and litigate to finality his claim that he is placed in double jeopardy and any error committed by the district court in Denying his Motion to Dismiss premised upon that ground in accordance with *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); and *Peterson v. State,* Wyo., 586 P.2d 144 (1978) (see *People ex rel. Mosley v. Carey,* 74 Ill.2d 527, 25 Ill.Dec. 669, 387 N.E.2d 325 (1979), cert. denied 444 U.S. 940, 100 S.Ct. 292, 62 L.Ed.2d 306 (1979); *State v. Sundel,* R.I., 460 A.2d 939 (1983); and *Whitwell v. State,* Tenn., 520 S.W.2d 338 (1975)); there is no right to appeal from the Order denying the Motion to Dismiss, which is not a final order as defined in Rule 1.05, W.R.A.P.; the Writ of Certiorari should be granted in this case; the files and record of this court are sufficient to apprise the court of the facts surrounding the claim of double jeopardy and the denial of the Motion to Dismiss by the district court; there is no necessity in this case for further briefing or argument of either the facts or the law; the retrial of Pete Stamper does not place him twice in jeopardy because the reversal of his prior conviction was premised upon the incorrect

receipt of evidence and an incorrect instruction (see *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)); and the denial of the Motion to Dismiss by the district court should be affirmed, and it therefore is

ORDERED that the Petition for Reinstatement filed herein by Pete Stamper on September 30, 1983, be, and the same hereby is, considered as a Petition for a Writ of Certiorari; and it further is

ORDERED that the Writ of Certiorari be, and the same hereby is, granted to the extent required for review of the denial of the Motion to Dismiss by the district court; and it further is

ORDERED that the Motion Requesting Oral Argument be, and the same hereby is, denied; and it further is

ORDERED that the action of the district court in denying the Motion to Dismiss by Pete Stamper based upon his claim of double jeopardy be, and the same hereby is, affirmed.

ROSE, Justice, concurring in part and dissenting in part.

## BACKGROUND

Appellant Pete Stamper was first before this court seeking reversal of his conviction for aggravated assault with a deadly weapon. *Stamper v. State,* Wyo., 662 P.2d 82 (1983). The jury had acquitted him of involuntary manslaughter, the crime for which he was tried, but found him guilty of aggravated assault with a deadly weapon as a lesser-included offense. This court reversed.

At trial, the State was permitted to introduce a pair of appellant's boots into evidence but the witness was not allowed to testify about the circumstances surrounding their acquisition. We held that, since the record did not reveal a connection between the boots and the defendant on the evening in question, the boots were inadmissible on foundational grounds.

This court further held that it was error to instruct the jury concerning aggravated assault with a deadly weapon, since, to warrant giving such an instruction, there must be evidence that the defendant was in fact armed with a deadly weapon. The only evidence with respect to a deadly weapon was the mere presence of the boots which were found to have been inadmissible. Therefore, it may be said that Pete Stamper's conviction was reversed on the ground that the evidence was insufficient to sustain the jury's verdict of aggravated assault with a deadly weapon.

The State now seeks to retry Stamper for aggravated assault with a deadly weapon and Stamper argues that a second trial amounts to double jeopardy. His motion to dismiss on double-jeopardy grounds was denied by the district court and Stamper asks this court to review the denial of his motion to dismiss.

## WRIT OF CERTIORARI

The United States Supreme Court in *Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977), said that the double-jeopardy clause protects an individual from being *tried* twice for the same crime. The court said:

> "[I]f a criminal defendant is to * * * enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure [retrial] occurs." (Emphasis added.)

The denial of a defendant's motion to dismiss is not a final, appealable order under Rule 1.05, W.R.A.P. Therefore, no appeal is available to protect Stamper's constitutional right not to be tried twice for the same offense. However, under *Abney,* supra, this court *must* afford Stamper a review of his double-jeopardy challenge prior to a second trial.

I would conclude, then, that, since appellant has no other means of review, certiorari lies to review his double-jeopardy claim. Stamper's right to petition for a writ of certiorari and this court's authority to grant the writ comport with my discussion of the writ of certiorari in my dissenting opinion in *Wright v. State,* Wyo., 670 P.2d 1090

(1983), and my concurring opinion in *City of Laramie v. Mengel* Wyo., 671 P.2d 340 (1983). In the later opinion, I quoted Works, Courts and Their Jurisdiction, 2nd Ed. (1897), p. 698, as follows:

" 'The writ of *certiorari* is a writ by which the record of a proceeding in a lower court is removed into a higher court for review. It is one of the means by and through which superior courts exercise and enforce their supervisory power and control over courts and tribunals of inferior jurisdiction, *and lies where the party aggrieved has no adequate and speedy remedy by the ordinary proceedings at law,* as, for example, by writ of error or appeal, or by motion in the court before which the action is pending.' " (Emphasis added.) 671 P.2d at 346.

Review by way of a writ of certiorari also satisfies the Supreme Court's mandate in *Abney v. United States,* supra, that this court afford some pretrial means of review to the defendant who alleges a double-jeopardy violation.

### DOUBLE–JEOPARDY QUESTION

Once certiorari has been granted, the relevant question asks whether a retrial of appellant on the crime of aggravated assault with a deadly weapon would amount to double jeopardy. This question is sufficiently in doubt in this case that briefing and oral argument would be of great benefit.

The order subscribed to by the majority cites *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), for the proposition that a second trial following a reversal of a conviction premised upon the incorrect receipt of evidence and an incorrect instruction does not constitute double jeopardy. It is true that *Burks* holds that a retrial is permissible following a reversal based on *trial error.* The Court lists as examples of trial error "incorrect receipt or rejection of evidence" and "incorrect instructions." However, the Court distinguishes reversals based on *insufficiency of the evidence to support the conviction* and

holds that a retrial in these cases violates the double-jeopardy clause. The logic of the distinction goes as follows: Where the evidence is insufficient to support a conviction, the defendant is entitled to a judgment of acquittal at the trial level. It should make no difference that the reviewing court rather than the trial court finds the evidence to be insufficient. Therefore, the "just" remedy for the reviewing court is the direction for a judgment of acquittal and a second trial for the same offense would constitute double jeopardy.

The ultimate question, then, is whether the reversal in *Stamper v. State,* supra, was based upon "trial error" or "insufficiency of the evidence." The majority, in their order, say that the Stamper reversal was based on trial error—improper receipt of evidence and improper instruction. I would hold that the crux of the *Stamper* opinion is that the evidence was insufficient to support a conviction of aggravated assault with a deadly weapon.

The problem with Stamper's situation is that he was tried on a charge of *manslaughter* and the evidence may have been sufficient to support such a conviction. Therefore, a judgment of acquittal at the trial level was not appropriate. If the jury had found Stamper guilty of manslaughter, the improper instruction and the boots would have been characterized as "trial error" in the *manslaughter* trial (the boots were not necessary to a manslaughter conviction).

However, the jury acquitted Stamper of manslaughter. The State now seeks a second chance to convict Stamper of *aggravated assault with a deadly weapon,* following this court's holding that the State did not present sufficient evidence to sustain such a conviction the first time. The admission of the boots and the erroneous instruction are not mere "trial error" with respect to the aggravated-assault charge, because without the boots there is no basis for the aggravated-assault instruction or conviction. The State was given one fair

opportunity to offer whatever proof it could assemble and should not be given the "second bite at the apple."

I would have held that the State did not amass sufficient evidence to convict appellant of aggravated assault with a deadly weapon the first time. To give the State a second chance would be to subject appellant to double jeopardy.

Therefore, I dissent to this order to the extent that it denies the request for oral argument and affirms the denial of the motion to dismiss.