**Pete STAMPER, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 85–36.**

Supreme Court of Wyoming.

May 24, 1985.

Rehearing Denied June 25, 1985.

ORDER THAT NOTICE OF APPEAL BE CONSIDERED A PETITION FOR WRIT OF CERTIORARI; ORDER GRANTING PETITION FOR CERTIORARI; AND ORDER AFFIRMING THE DENIAL OF THE MOTION TO DISMISS

This case came before the court upon its own motion to consider the jurisdiction of this court to hear an appeal from the Order Denying Motion to Dismiss, entered by the Fremont County District Court, Ninth Judicial District, against the defendant, Pete Stamper. The court having examined the files and record in this case and being fully advised in the premises finds that:

1. An information has been filed in the district court charging the defendant with aggravated assault and battery with a dangerous or deadly weapon, § 6–4–506(b), W.S.1977 (now § 6–2–502, W.S.1977, 1984 Cum.Supp.), for an incident which occurred

July 10, 1981. The defendant moved the court to dismiss the information on the ground that the trial of this charge would place him twice in jeopardy for the same offense. The district court denied this motion to dismiss, finding expressly that retrial would not violate the defendant's rights under the double jeopardy clauses of the Wyoming and United States Constitutions. The defendant filed a Notice of Appeal, seeking review of the district court's order.

2. This court, in the case of *Stamper v. State*, Wyo., 672 P.2d 106 (1983), determined that no right of appeal exists from an order denying a motion to dismiss an action, because such order is not a final order as defined in Rule 1.05, W.R. A.P. We held that the writ of certiorari is an adequate and appropriate remedy by which a defendant may separately assert and litigate to finality his claim that he is placed in double jeopardy, in accordance with *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); and *Peterson v. State*, Wyo., 586 P.2d 144 (1978). Therefore, it is appropriate to consider the defendant's Notice of Appeal in the instant case as a petition for a writ of certiorari.

3. In the case of *Stamper v. State*, supra, this court considered the identical claim of double jeopardy brought by the identical defendant, based on the identical files and record that are presently before this court. We held in *Stamper v. State*, supra, 672 P.2d at 106–107, that:

" * * * [T]he Writ of Certiorari should be granted in this case; the files and record of this court are sufficient to apprise the court of the facts surrounding the claim of double jeopardy and the denial of the Motion to Dismiss by the district court; there is no necessity in this case for further briefing or argument of either the facts or the law; the retrial of Pete Stamper does not place him twice in jeopardy because the rever-

sal of his prior conviction was premised upon the incorrect receipt of evidence and an incorrect instruction (see *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)); and the denial of the Motion to Dismiss by the district court should be affirmed * * *."

Accordingly, we issued an order granting the writ of certiorari and affirming the district court's order refusing to dismiss the criminal action against Pete Stamper.

4. In an unpublished order, this court withdrew the order issued in *Stamper v. State*, supra, on the ground that no case against Pete Stamper was pending in district court upon which an adjudication could be had or which the defendant could move to dismiss.

5. The defendant now stands charged with violating § 6–4–506(b), W.S.1977 (now § 6–2–502, W.S.1977, 1984 Cum.Supp.), and, therefore, his claim that retrial places him in double jeopardy is ripe for review. Except for the existence of pending criminal charges, the factual and legal grounds for our disposition in *Stamper v. State*, supra, remain unchanged. Therefore, the petition for certiorari should be granted and the Order Affirming the Denial of the Motion to Dismiss, issued by this court in *Stamper v. State*, supra, and subsequently withdrawn should be reinstated.

It therefore is

ORDERED that the Notice of Appeal filed herein by Pete Stamper on January 9, 1985, be, and the same hereby is, considered a petition for a writ of certiorari; and it further is

ORDERED that the writ of certiorari be, and the same hereby is, granted to the extent required for review of the Order Denying the Motion to Dismiss, entered by the district court; and it further is

ORDERED that the action of the district court in denying the Motion to Dismiss by Pete Stamper based upon his claim of double jeopardy be, and the same is hereby, affirmed.

ROSE, Justice, concurring in part and dissenting in part.

The majority recognize that the federal and state constitutions *mandate review* of Pete Stamper's double jeopardy challenge prior to a second trial. Accordingly, the court grants the extraordinary writ of certiorari to provide a remedy where no right of appeal exists. Instead of affording the defendant meaningful review of his claim, however, the majority rule on this relatively complex double-jeopardy question without benefit of briefing or oral argument and with what appears to me to be only a cursory analysis of controlling authority. I would have afforded the defendant and the State an opportunity to fully develop their respective positions, so that we might decide this constitutional issue on the soundest foundation possible.

In my concurring and dissenting opinion in *Stamper v. State*, Wyo., 672 P.2d 106, 107–109 (1983), I reviewed the basis for our reversal of Stamper's original conviction and concluded that retrial in this case will subject the defendant to double jeopardy. We overturned his conviction of aggravated assault with a deadly weapon in *Stamper v. State*, Wyo., 662 P.2d 82 (1983), on the ground that the evidence was insufficient to warrant instructing the jury on such offense. By granting the State a second chance to amass enough evidence to obtain a conviction of aggravated assault with a deadly weapon, we place Stamper twice in jeopardy for the same offense. See *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The State had one fair opportunity to prove its case against Stamper and that is all the constitution allows.

For these reasons more fully developed in my concurring and dissenting opinion in *Stamper v. State*, supra, 672 P.2d at 107–109, I concur only in that portion of the Order granting review through the writ of certiorari; I dissent to the extent that it dispenses with argument from the parties and affirms the denial of the motion to dismiss.