**Debra Jo GOODEN, John Arnese, Lawrence Jones, Kelvin Fisher, and Nell Wilson, Appellants (Defendants),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 84–59.**

Supreme Court of Wyoming.

Dec. 19, 1985.

Robert J. Reese, Green River, for appellants (defendants).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Roger Fransen, Asst. Atty. Gen., for appellee (plaintiff).

Before THOMAS, C.J., and ROSE,* ROONEY, BROWN and CARDINE, JJ.

THOMAS, Chief Justice.

The question to be resolved in this case is one of standing to attack the constitutionality of our statute which prohibits driving while under the influence of alcohol and further provides that charges brought under the statute shall not be reduced. The county court and the district court, on appeal to it, upheld the constitutionality of the statute against the claim that it represented a legislative infringement upon the powers of the executive branch of government. We conclude that Debra Jo Gooden has no standing to raise this question, and her appeal must be dismissed. The other appellants attempted to appeal from orders which denied their several motions to dismiss charges against them. Because such orders are not final their appeals also are dismissed pursuant to order of the court.

In a brief presented in support of their cause the appellants stated the issue in this way:

* Retired November 30, 1985.

"I. WHETHER SECTION 31–5–233(h), W.S. (1982) VIOLATES THE SEPARATION OF POWERS DOCTRINE OF ARTICLE 2, SECTION 1 OF THE WYOMING CONSTITUTION, OR ARTICLE 3, SECTION 2 OF THE UNITED STATES CONSTITUTION."

In responding to the appellants' brief, the State of Wyoming set forth four issues to be resolved:

"I. DO APPELLANTS HAVE STANDING TO CHALLENGE THE CONSTITUTIONALITY OF SECTION 31–5–233(h), W.S. 1977 (1983 Supp.)?

"II. ARE THE CASES OF APPELLANTS ARNESE, JONES, FISHER AND WILSON, IN WHICH NO FINAL ORDERS HAVE BEEN ENTERED, PROPERLY BEFORE THE COURT?

"III. DOES SECTION 31–5–233(h), W.S. 1977 (1983 Supp.) VIOLATE THE SEPARATION OF POWERS MANDATED BY THE UNITED STATES CONSTITUTION?

"IV. DOES SECTION 31–5–233(h), W.S. 1977 (1983 Supp.) VIOLATE THE SEPARATION OF POWERS MANDATED BY ARTICLE 2, SECTION 1 OF THE WYOMING CONSTITUTION?"

Debra Jo Gooden was cited for driving under the influence of alcohol in violation of § 31–5–233, W.S. 1977 (1983 Cum. Supp.).[1] Subsequently the statute has been amended by ch. 41, § 2, S.L. of Wyoming, 1984. Gooden entered a plea of not guilty to the charge, and she then was tried and convicted in the county court. She filed a motion to arrest judgment pursuant to Rule 32, Wyoming Rules of Criminal Procedure for County Courts, in which she alleged that the statute was unconstitutional and for that reason the county court was without jurisdiction to try her for the offense. Sixty-three other defendants who had been charged with the same offense had filed motions to dismiss the charges against them, also based upon the asserted unconstitutionality of the statute. Gooden's motion to arrest judgment was heard at the same time as the motions to dismiss, and the county court judge denied all of the motions based upon his finding that the statute is constitutional. The appellants John Arnese, Lawrence Jones, Kelvin Fisher, and Nell Wilson were among those who had filed motions to dismiss. Gooden and these four defendants appealed the order of the county court judge denying their motions to the district court. The district court affirmed the order of the county court, and these five appellants then appealed the decision of the district court to this court.

---

1. Section 31–5–233, W.S.1977 (1983 Cum.Supp.), at the time Gooden was charged provided, in pertinent part:

"(a) It is unlawful for any person who is under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle, to drive or have actual physical control of any vehicle within this state.* * *

"(d) Except as provided in subsection (g) of this section, a person convicted of violating this section is guilty of a misdemeanor punishable by imprisonment for not more than six (6) months or a fine of not more than seven hundred fifty dollars ($750.00). On a subsequent conviction within five (5) years after a conviction for a violation of this section, he shall be punished by imprisonment for not less than seven (7) days nor more than six (6) months and shall not be eligible for probation, pardon, parole, commutation or suspension of sentence or release on any other basis until he has served at least seven (7) days in jail. In addition, the person may be fined not less than two hundred dollars ($200.00) nor more than seven hundred fifty dollars ($750.00). The judge may suspend part or all of the discretionary portion of an imprisonment sentence under this subsection if the defendant agrees to pursue and completes an alcohol education or treatment program as prescribed by the judge.

"(e) Every person convicted under this section shall, in addition to the penalty above provided, have his driver's license suspended at the time of conviction by the court. The court shall forward the license to the motor vehicle division of the Wyoming tax commission. Upon first conviction only, the court may issue to the person a temporary license which shall be valid for a period of thirty (30) days. The division shall provide the court with forms for issuance of the temporary licenses, including notification of the person's right to a hearing pursuant to W.S. 31–7–127(e). The temporary license may be extended by the division until the hearing provided for in W.S. 31–7–127(e) is held. * * *"

■ By a contemporaneous order, we dismiss the appeal of Arnese, Jones, Fisher, and Wilson because it is an attempt to appeal from the denial of their several motions to dismiss. The denial of a motion to dismiss is not a final appealable order. *Stamper v. State*, Wyo., 672 P.2d 106 (1983). The district court was without jurisdiction to entertain their appeals. Rule 1.03, Wyoming Rules of Appellate Procedure for Courts of Limited Jurisdiction. If the district court had no jurisdiction to hear the appeal, this court has no jurisdiction. *Jessen v. State*, Wyo., 622 P.2d 1374 (1981). This court has a duty to dismiss any appeal in an instance in which it is without jurisdiction. *Rutledge v. Vonfeldt*, Wyo., 564 P.2d 350 (1977), citing *Jackson v. State*, Wyo., 547 P.2d 1203 (1976); *Compton v. State*, Wyo., 555 P.2d 232 (1976), and authorities cited therein; *Wyoming State Treasurer ex rel. Worker's Compensation Department v. Niezwaag*, Wyo., 444 P.2d 327 (1968), and authorities cited therein.

Gooden's appeal is the only case before us. The sole issue is whether § 31–5–233(h), W.S.1977 (1983 Cum.Supp.), constitutes an infringement on the prosecutorial discretion of the executive branch of government which violates the separation of powers clause found in Art. 2, § 1 of the Constitution of the State of Wyoming, thereby causing the statute to be unconstitutional. Section 31–5–233(h), W.S.1977 (1983 Cum.Supp.), provides as follows:

"(h) Any person charged under this section [driving while under the influence of alcohol] shall be prosecuted under this section and not under a reduced charge. * * * "

In *State ex rel. Motor Vehicle Division v. Holtz*, Wyo., 674 P.2d 732, 738 (1983), we noted that this statutory provision "presents a number of questions," and this may be one of them. However intriguing as Debra Jo Gooden's claim is, we cannot reach the merits.

■ A basic premise of our system of jurisprudence is that one must have standing to raise any question in our courts. The Supreme Court of the United States has said that a plaintiff must allege "such a personal stake in the outcome of the controversy" as will justify the assumption of jurisdiction by the court. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). The Court further described that requirement as one pursuant to which a plaintiff must suffer "some threatened or actual injury resulting from the putatively illegal action."

In a similar vein, we have said that a plaintiff must have a "legally protectable and tangible interest at stake." *Cremer v. State Board of Control*, Wyo., 675 P.2d 250, 254 (1984). In *Armijo v. State*, Wyo., 678 P.2d 864, 868 (1984), we said that in order to show standing the defendant "must demonstrate the manner in which his own rights are adversely affected in light of the circumstances before the court." See also *Stagner v. Wyoming State Tax Commission*, Wyo., 682 P.2d 326 (1984).

Gooden's only argument is that § 31–5–233(h), W.S.1977, inhibits prosecutorial discretion and thus impinges upon the separation of powers doctrine articulated in Art. 2, § 1 of the Wyoming Constitution:

"The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this Constitution expressly directed or permitted."

This argument would track that presented in *Petition of Padget*, Wyo., 678 P.2d 870 (1984).

■ In order to demonstrate standing, however, Gooden must demonstrate some adverse impact upon her rights resulting from the claimed infringement of prosecutorial discretion. "[T]he constitutionality of a statute may not be attacked by one whose rights are not adversely affected by the operation thereof." *Alberts v. State*, Wyo., 642 P.2d 447, 452 (1982), cited in *Stagner v. Wyoming State Tax Commis-*

*sion,* supra, 682 P.2d at 331. This statement encompasses one aspect of the dual nature of the personal stake that is required because there must be a distinct and palpable injury which secondly is traceable to the challenged statute. The requirement is that the claimed injury must be redressable by a court decision. *Duke Power Company v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978). The party presenting the claim must have a sufficient personal stake in what otherwise may be a justiciable controversy. *Washakie County School District No. 1 v. Herschler,* Wyo., 606 P.2d 310 (1980), *cert. denied* 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980), citing *Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

Gooden has not demonstrated that any right of hers has been infringed by this challenged statute either in fact or in law. Nothing appears in the record or in the briefs to suggest that the prosecutor in this instance had any desire to enter into any plea bargain with Gooden or to dismiss charges which he felt he must pursue because of the statute. The record does not suggest in any way that Gooden made any overtures to the prosecutor with respect to reducing or dismissing charges nor that the prosecutor ever rejected such an offer. Consequently, the factual basis for any claim of injury to Gooden's right is missing.

In any event, Gooden has not demonstrated to this court that any right which she might have is infringed by the challenged statute. As the Supreme Court of the United States has said:

"The Court of Appeals suggested that Weatherford's continued duplicity lost Bursey the opportunity to plea bargain but there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial. It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty.* * * *" *Weatherford v. Bursey,*

429 U.S. 545, 560–561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977).

Other cases have recognized that there does not exist any constitutional right to a plea bargain. *Caldwell v. United States,* 651 F.2d 429 (6th Cir.1980), *cert. denied* 454 U.S. 904, 102 S.Ct. 412, 70 L.Ed.2d 222 (1981); *United States v. Herrera,* 640 F.2d 958 (9th Cir.1981); *United States v. Barrentine,* 591 F.2d 1069 (5th Cir.1979), *cert. denied* 444 U.S. 990, 100 S.Ct. 521, 62 L.Ed.2d 419 (1979); *Cooper v. United States,* 594 F.2d 12 (4th Cir.1979); *Visconti v. United States,* 454 F.Supp. 417 (D.Mass. 1978); *Whalen v. Johnson,* 438 F.Supp. 1198 (E.D.Mich.1977). It is undoubtedly true that plea bargaining "is an essential component of the administration of justice" (*Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971)), but the process of plea bargaining or whether it will be engaged in is left to the prosecutor's discretion.

"In considering the prosecutor's role in the plea negotiation process, a logical first inquiry is whether there is some obligation upon the prosecutor to engage in bargaining with defendants. The courts have rather consistently answered in the negative." LaFave & Isreal, Criminal Procedure § 20.3, pp. 621–622 (1984).

The ABA Standards for Criminal Justice in Standard 14–3.1(a), express the proposition in this way:

"However, there is no requirement * * * that the prosecuting attorney negotiate an agreement in every case. Undoubtedly, there are cases in which the public interest is not well served either by recommending a lenient sentence or by permitting the defendant to plead to a lesser offense."

Several federal courts have recognized that the lack of any right of the defendant to a plea bargain is a logical corollary of the legal proposition that the government has no obligation to participate in any negotiations relating to a plea bargain. *Johnson v. Mabry,* 707 F.2d 323 (8th Cir.1983), *reversed on other grounds* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *United*

*States v. Walker,* 514 F.Supp. 294, 60 A.L. R.Fed. 734 (E.D.La.1981); *United States v. Rankin,* 572 F.2d 503 (5th Cir.1978), *cert. denied* 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978).

We hold that Debra Jo Gooden has no right to any plea bargain with the prosecutor nor to the reduction or dismissal of charges against her. Without such a right, she has no personal stake in any unconstitutional infringement by a statute such as this one upon the discretion of the prosecutor. She does not argue any facts that would justify any different conclusion. Under the circumstances of this case, Gooden has no standing to challenge the constitutionality of § 31–5–233(h), W.S.1977 (1983 Cum.Supp.). Her appeal must be dismissed with the result that the judgment and sentence imposed upon her by the county court must stand.

ORDER DISMISSING APPEALS OF JOHN ARNESE, LAWRENCE JONES, KELVIN FISHER, AND NELL WILSON

This case came on before the Court on its own motion to consider the jurisdiction of the Court with respect to the appeals of John Arnese, Lawrence Jones, Kelvin Fisher, and Nell Wilson, and the Court, having examined the files and record of the Court, and being fully advised in the premises, finds that John Arnese, Lawrence Jones, Kelvin Fisher, and Nell Wilson filed motions to dismiss a charge against them in the County Court of Sweetwater County; the charges were brought under § 31–5–233, W.S.1977 (1983 Cum.Supp.); the claim of the defendants was that the statute is unconstitutional; the County Court Judge denied the motions of these defendants to dismiss the charges against them; thereafter they appealed his order denying their motions to the District Court, and the District Court affirmed the order of the Sweetwater County Court; the appeal to the District Court by John Arnese, Lawrence Jones, Kelvin Fisher, and Nell Wilson was an appeal from an order of the County Court denying their several motions to dis-

miss, and they have attempted to appeal to this Court from the order of the District Court affirming the denial of their several motions to dismiss; the denial of a motion to dismiss is not a final appealable order (*Stamper v. State,* Wyo., 672 P.2d 106 (1983)); the District Court was without jurisdiction to entertain the appeal of these four defendants (Rule 1.03, Wyoming Rules of Appellate Procedure for Courts of Limited Jurisdiction); this Court is without jurisdiction of an appeal in such an instance (*Jessen v. State,* Wyo., 622 P.2d 1374 (1981)); this Court has a duty to dismiss an appeal in those instances in which it has no jurisdiction (*Rutledge v. Vonfeldt,* Wyo., 564 P.2d 350, 352 (1977)), citing *Jackson v. State,* Wyo., 547 P.2d 1203, 1205 (1976); *Compton v. State,* Wyo., 555 P.2d 232, 233 (1976), and authorities therein; *Wyoming State Treasurer ex rel. Worker's Compensation Department v. Niezwaag,* Wyo., 444 P.2d 327, 328 (1968), and authorities therein; and the appeals by John Arnese, Lawrence Jones, Kelvin Fisher, and Nell Wilson should be dismissed, and it therefore is

ORDERED that the appeals of James Arnese, Lawrence Jones, Kelvin Fisher, and Nell Wilson be, and the same hereby are, dismissed.