**Larry J. LACOMBE, Appellant
(Appellant-Defendant),**

v.

**The CITY OF CHEYENNE, Appellee
(Appellee-Plaintiff).**

No. 86–51.

Supreme Court of Wyoming.

March 2, 1987.

James W. Gusea, Vines, Rideout, Gusea & White, P.C., Cheyenne, for appellant.

Danny S. Wilde, Asst. City Atty., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

At issue in this case is whether a stipulation setting forth the traditional plea bargaining practice in the Municipal Court of the City of Cheyenne is sufficient to afford standing to Larry J. LaCombe to challenge the constitutionality of § 31–5–233(h), W.S. 1977, Nov. 1984 Replacement. The Municipal Court of the City of Cheyenne denied a motion for a declaratory judgment which challenged the constitutionality of the statute and found Larry J. LaCombe guilty of the offense of driving while under the influence of intoxicating beverages in violation of § 31–5–233, W.S.1977, as adopted by the City of Cheyenne Municipal Ordinance No. 28–2. An appeal was taken to the District Court of the First Judicial District in and for Laramie County, and the conviction was affirmed. We conclude that LaCombe does not enjoy standing to challenge the constitutionality of this statute on the premise that it violates the separation of powers doctrine, and we dismiss this appeal without addressing other contentions.

In his brief Larry J. LaCombe asserts the following issues:

"I. Does Section 31–5–233(h) W.S.1977 (Cum.Supp.1986) violate the separation of powers mandated by Article 2, Section 1 of the Wyoming Constitution?

"Argument 1: Appellant has standing to challenge the constitutionality of Section 31–5–233(h) W.S.1977 (Cum.Supp.1986).

"Argument 2: Section 31–5–233(h) W.S. 1977 (Cum.Supp.1986) violates the separation of powers mandated by Article 2 Section 1 of the Wyoming Constitution.

"Argument 3: The unconstitutionality of Section 31–5–233(h) W.S.1977 (Cum.Supp. 1986) applies to prosecutions in municipal courts."

This appeal is defended by the City of Cheyenne which articulates the questions in this way:

"Issue I: Does Section 31–5–233(h) W.S. 1977 (Cum.Supp.1985) violate the separation of powers mandated by Article 7, Section 1, of the Wyoming Constitution?

"Argument I: Section 31–5–233(h) W.S. 1977 (Cum.Supp.1985) does not violate the separation of powers mandated by Article 2, Section 1, of the Wyoming Constitution.

"Argument II: The issue of constitutionality of Section 31–5–233(h) W.S.1977 (Cum.Supp.1985) does not apply to prosecutions in municipal courts."

On September 10, 1984, LaCombe was arrested by an officer of the Police Department of the City of Cheyenne and charged with driving while under the influence of intoxicating beverages in violation of § 31–5–233, W.S.1977, as adopted by the City of Cheyenne in Ordinance No. 28–2, and careless driving proscribed by § 28–184 of the ordinances of the City of Cheyenne. LaCombe pleaded not guilty to both charges, and the case was set for trial. LaCombe then filed a motion for declaratory judgment in which he asserted that the state statute which had been adopted by Ordinance No. 28–2 of the City of Cheyenne is unconstitutional. He contended that § 31–5–233(h), W.S.1977, inhibits the authority of the prosecuting attorney to enter into plea bargains which is an unconstitutional invasion by the legislative branch of government of the prerogatives of the executive branch in violation of Article 2, Section 1 of the Wyoming Constitution. Thereafter, briefs were filed on behalf of LaCombe and the City. In addition, a stipulation was made by the City of Cheyenne and LaCombe which provided in operative part as follows:

"1. The Defendant, Larry J. LaCombe, was arrested and charged with the offense of Driving While Under the Influence of alcohol contrary to W.S. 31–5–233 and Cheyenne Municipal Ordinance 28–2.

"2. The record of the Defendant herein reflects no previous convictions for viola- tions of said W.S. 31–5–233 or Cheyenne Municipal Ordinance 28–2.

"3. Prior to the effective date of en- rolled Act No. 30, 47th Legislature of the State of Wyoming, 1984, Budget Session, the Defendant herein would have rou- tinely been allowed to plead guilty to the charge of careless driving, pay a sub- stantial fine and receive a suspended jail term conditioned upon no further alcohol related offenses for a period of one (1) year and in return therefore the charge of D.W.U.I. under W.S. 31–5–233 and Municipal Ordinance 28–2 would have been dismissed.

"4. As a result of the enactment of W.S. 31–5–233(h) the prosecuting attor- ney for the City of Cheyenne is prohibit- ed from reducing or dismissing a charge of D.W.U.I. unless said attorney in open court moves or files a statement to re- duce the charge or dismiss, with support- ing facts, stating that there is insuffi- cient evidence to sustain the charge.

"5. But for the enactment of said W.S. 31–5–233(h) the Defendant herein would have been allowed to enter into an agree- ment as discussed in paragraph 3 above and the charge of Driving While Under the Influence of alcohol contrary to W.S. 31–5–233 and Municipal Ordinance 28–2 would have been dismissed."

After trial on the merits, the Municipal Court of the City of Cheyenne denied La- Combe's motion for declaratory judgment, found him guilty of both charges and fined him $240 plus $10 in court costs. LaCombe then appealed to the district court alleging error in the failure of the municipal court "to declare W.S. Section 31–5–233(h) uncon- stitutional as an impermissible intrusion by the Legislative branch of government into the scope of the Executive branch in viola- tion of Article 2, Section 1 of the Constitu- tion for the State of Wyoming." The dis- trict court decided the appeal by a letter to counsel in which that court affirmed the convictions. The district court ruled that the separation of powers doctrine does not extend to municipalities and furthermore that the city prosecutor was not an exten- sion of the executive arm of the state. The

district court concluded that the appellant had failed to meet his burden of proof to overcome the presumption of constitutionality accorded to the statute and affirmed his conviction.

The decision of the district court was filed prior to the decision of this court in *Gooden v. State,* Wyo., 711 P.2d 405 (1985). We held in that case that the defendant did not have standing to challenge the constitutionality of § 31–5–233(h), W.S.1977, because her argument that it inhibited prosecutorial discretion which infringed upon the separation of powers doctrine did not demonstrate an adverse impact upon her rights. LaCombe seeks to distinguish that case by focusing upon the comment in the opinion of the court to the effect that nothing appeared in the record or in the briefs to suggest that the prosecutor had any desire to enter into any plea bargain with Gooden. Pointing to the stipulation which is quoted above, LaCombe contends that he has provided the requisite factual basis for asserting infringement upon his rights by this statute.

LaCombe's contention is not well taken. It simply ignores the point that this court went on to make in *Gooden v. State,* supra, to the effect that the law does not vest in any criminal defendant any right to a plea bargain. Our conclusion in *Gooden v. State,* supra, was that whether the statute was unconstitutional was a matter which Gooden could not raise because, lacking a right to a plea bargain, she had no personal stake in any unconstitutional infringement by the statute upon the discretion of the prosecutor.

We conclude that LaCombe lacks standing to present the contention which he argues in his brief. Apparently the City of Cheyenne would like to have the constitutional matter resolved, because it chose to concede standing and argue the case on the merits. We do not permit parties to confer standing by agreement, and our decision is that this appeal must be dismissed.

Because we dismiss for lack of standing by the appellant to present his claims, we have no occasion to consider the unconsti-tutionality of § 31–5–233(h), W.S.1977, nor the claim that such unconstitutionality would have efficacy at the municipal government level. The appeal is dismissed.

URBIGKIT, J., filed a dissenting opinion.

URBIGKIT, Justice, dissenting.

I dissent.

The majority say that because plea bargaining is within the discretion of the prosecutor, the defendant has no interest in the existence of that discretion. Sometimes an expressed corollary is actually an illogical assumption. By necessity and operational propriety, the established principle determines that prosecutorial discretion includes choice or denial of plea bargaining. *Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *Johnson v. Mabry,* 707 F.2d 323 (8th Cir.1982), rev'd on other grounds 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). It does not follow that a defendant lacks a real interest in the availability of that discretion. Nor am I forced to conclude that either the legislature can constitutionally deny that discretion or the charged defendant lacks interest and consequent standing to make an equal-protection or due-process constitutional challenge to the legislative disembowelment of that discretion.

The reasoning of the majority can be stated as effectuating one of the classical legal fallacies:

> Prosecutors have plea-bargaining discretion; they may exercise that discretion unfavorably to me; therefore, I have no opportunity interest in their retention of the discretion.

I suggest the following reasoning:

> Prosecutors have plea-bargaining discretion; they may exercise that discretion favorably to me; therefore, I have a specific opportunity interest in their retention of the discretion.

The problem of the availability of plea bargaining is broader than constitutional tests of separation-of-powers legislation wherein the legislature may unintentionally

ignore Art. 2 of the Wyoming Constitution. The availability of plea bargaining also touches upon the right to effective representation where that service is often most critical—in the discussion of the early-disposition plea-bargained settlement.

" * * * The plea bargain stage is a critical point in a criminal proceeding, at which an accused's sixth amendment right to competent counsel has attached." *State v. Kraus,* Iowa, 397 N.W.2d 671, 673 (1986).

The volume of critical review of plea bargaining is extensive in library critique, and was well recited by the majority and by Justice Douglas concurring in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971):

" * * * The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities. "Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned." 404 U.S. at 260–261, 92 S.Ct. at 498. "These 'plea bargains' are important in the administration of justice both at the state and at the federal levels and, as The Chief Justice says, they serve an important role in the disposition of today's heavy calendars." 404 U.S. at 264, 92 S.Ct. at 499–500, Douglas, J., concurring.

Despite the pathway pursued by this court first in *Gooden v. State,* Wyo., 711 P.2d 405 (1985), and in this case, I do not concur with the supposition that an accused lacks standing to present the constitutional issues involved in the criminal proceeding under the separation-of-powers criteria of Art. 2 of the Wyoming Constitution. This view is related to that stated in dissent to *Duffy v. State,* Wyo., 730 P.2d 754 (1986). There, I contend that the judiciary invaded the proper provinces of the legislative and executive branches of government. Here, the legislature may have unconstitutionally intruded upon judicial functions by attempting to regulate the prosecutor's discretion in the performance of his assigned governmental responsibility in the criminal process.

I do not now presuppose what this court's decision should be were we to examine the plea-bargain prohibition enacted into § 31–5–233(h), W.S.1977 in light of constitutional constraints on legislative power. See *Petition of Padget,* Wyo., 678 P.2d 870 (1984). However, under the facts of this case, I would find the defendant to have standing, based on his conviction, to obtain this court's consideration of this constitutional issue, pursuant to our responsibilities under Art. 2, and Art. 5, §§ 1 and 2 of the Wyoming Constitution.

Rather than dismissing the appeal for lack of standing, I would consider the case on its merits, and would resolve the substantial issue of potential legislative incursion into the powers and responsibilities of the judicial branch of Wyoming government.